PRESCOTT LEGAL DEPARTMENT
221 S. Cortez Street
Prescott, Arizona 86303
(928) 777-1288

By: THOMAS A. LLOYD
Az. State Bar No.: 019524
E-Mail: thomas.lloyd@prescott-az.gov

*Attorney for Defendants City of Prescott,
Glenn A. Savona, Dan Murray, and Christine Keller*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Peter Michael Palmer, an individual, | Case No. CV-10-8209-PCT-JAT |
| Plaintiff, | |
| vs. | **MOTION TO DISMISS AND MEMORANDUM OF POINTS AND AUTHORITIES** |
| Glenn A. Savona, individually and in his official capacity as Prescott City Prosecutor & Jane Doe Savona, husband & wife; Dan Murray individually and in his capacity as City of Prescott police department employee & Jane Doe Murray, husband & wife; Christine Keller, individually and in her official capacity as City of Prescott police department employee & Joseph Keller, wife & husband; Melody Thomas-Morgan (f.k.a. Melody Bodine), an individual; Mark M. Moore & Jane Doe Moore, husband & wife; City of Prescott, an Arizona municipal corporation; and John & Jane Does I-X, | |
| Defendants. | |

Pursuant to Federal Rule of Civil Procedure 12(b)(6), Defendants City of Prescott, Glenn Savona, Dan Murray, and Christine Keller move for an order dismissing the Plaintiff's claims for failure of the Zeroeth Amended Complaint to state claims upon which relief can be granted on the grounds as stated below. In support of this motion the Defendants submit the following

memorandum of points and authorities:

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. FACTS AND BACKGROUND

Plaintiff filed his original Complaint on October 29, 2010. On January 3, 2011, this Court dismissed the case. After an appeal, the Ninth Circuit Court of Appeals returned its mandate on October 17, 2012, and on November 21, 2012, more than two years after filing his original Complaint, the Plaintiff filed his "Zeroeth Amended Complaint" without leave of court. The original Complaint named only Glenn A. Savona and Jane Doe Savona as defendants; the Amended Complaint adds Defendants Dan Murray, Christine Keller, Melody Thomas-Morgan (the victim who obtained an injunction against the Plaintiff), Mark Moore, and their respective spouses.

The original Complaint made allegations about Defendant Savona and his role as a Prescott City prosecutor in initiating and writing criminal complaints. Doc. 20, ¶¶ 8 - 10. Although the original Complaint did not name Murray as a defendant, it made allegations regarding his investigation of a complaint that Defendant Melody Bodine (now Thomas-Morgan) made to Murray regarding documents the Plaintiff faxed to Thomas-Morgan in her action for an injunction against the Plaintiff to prevent his harassment of her. Doc. 1, ¶¶ 21 – 22. The original Complaint also did not name Defendant Keller. The current Zeroeth Amended Complaint, however, names both Murray and Keller and contains allegations about Murray's role as a Prescott Police Department employee conducting the investigation, his police reports (Doc. 20, ¶¶ 13 – 15), and the criminal complaint against Plaintiff, which Keller signed and swore out. Doc.1, ¶ 16.

The District Court's October 24, 2012, order required the Plaintiff to serve the Zeroeth Amended Complaint within thirty days of that order, or by October 24, 2012. Doc. 19. Service was not made on Savona until November 26, two days after the time ordered by the Court.

## II. DISCUSSION

### A. The Public Records of the Criminal Prosecution Against Plaintiff May be Considered Without Converting this Motion to Dismiss to a Motion for Summary Judgment.

Because the Plaintiff's allegations include repeated references to the underlying criminal prosecution against him, from which he alleges his claims arise, the documents filed in that case are disputed public records and the Court may take judicial notice of them without converting this motion to dismiss into a motion for summary judgment. Doc. 20, *e.g.* ¶¶ 42, 46, 75, 79, and 100. "The Court generally cannot consider material beyond the complaint in ruling on a Rule 12(b)(6) motion to dismiss. The Court can, however, take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment." *Five Points Hotel Partnership v. Pinsonneault*, 835 F.Supp.2d 753, 757 (D. Ariz. 2011) (citations omitted); *see also Alvarado v. KOB-TV, L.L.C*, 493 F.3d 1210, 1215 -1216 (10th Cir. 2007).

Certified copies of a portion of the documents in the criminal proceeding against the Plaintiff that the Court may consider are attached hereto as Exhibit 1, uncertified copies are also attached as Exhibit 2. The criminal complaint against the Plaintiff was signed and filed on March 19, 2009, and the case was dismissed on October 30, 2009. Only a summons was issued and mailed on March 20, 2009. The records do not indicate that any warrant was issued.

### B. Plaintiff Fails to State a § 1983 Claim for Malicious Prosecution (Count One).

The Plaintiff's Amended Complaint fails to state a claim and should be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) because this claim does not meet the pleading standards of *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937 (2009), and *Bell Atlantic Corp.* v. *Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 1974 (2007). The Amended Complaint fails to state a claim because it does not allege that he was convicted at a trial at which the result would have been different had the allegedly exculpatory evidence been disclosed, he has not pled any facts showing the materiality of the

3

unidentified, undisclosed evidence, and he has not sufficiently alleged a "seizure" for purposes of the Fourth Amendment or initiation of a criminal prosecution without probable cause.

To meet the pleading standards of *Iqbal* and *Twombly*, a plaintiff must plead with sufficient clarity "to inform the . . . Defendants of the nature of the liability theories they face in [an] action." *Mason v. County of Orange*, 251 F.R.D. 562, 563 (2008). This is particularly true with a "Complaint [that] generally realleges all the preceding allegations, regardless of whether those allegations conflict with the claim for relief." *Id.* For example, ¶¶ 3 and 75 allege acts done "intentionally" and Count Eight alleges intentional infliction of emotional distress against all defendants, whereas Count Seven alleges "neglect to prevent" and Count Ten alleges the City's negligent supervision. Additionally, without clearer factual allegations of the specific constitutional rights violated and the factual manner of such violations, the Defendants can only speculate about Plaintiff's theories of liability. *See Robbins v. Oklahoma*, 519 F.3d 1242, 1249 (10th Cir. 2008) (allegations must be sufficient to give notice of the theory under which a claim is made). Finally, as also discussed below, the separate counts against "all defendants" fail to identify the specific acts of each individual Defendant as alleged in the 96 general allegations, that allegedly show violations of specific constitutional protections in the other § 1983 counts.

A complaint must offer more than naked assertions, and must contain sufficient facts, which, if accepted as true, state a claim to relief that is "plausible on its face." *Iqbal,* 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). Facial plausibility requires "more than a sheer possibility that a defendant has acted unlawfully." *Id.* The Court is not "bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain,* 478 U.S. 265, 286 (1986). "Conclusory allegations and unreasonable inferences . . . are insufficient to defeat a motion to dismiss." *Sanders v. Brown,* 504 F.3d 903, 910 (9th Cir. 2007). Plaintiff's bare allegations that exculpatory evidence was withheld when a police report was not disclosed and that the prosecution

4

lacked probable cause are nothing more than conclusions couched as facts. "To 'nudge their claims across the line from conceivable to plausible,' *Twombly,* 127 S.Ct. at 1974, . . . , plaintiffs must allege facts sufficient to show (assuming they are true) that the defendants plausibly violated their constitutional rights, and that those rights were clearly established at the time. This also requires enough allegations to give the Defendants notice of the theory under which their claim is made." *Robbins,* 519 F.3d at 1249.

Because Plaintiff only denominates his "malicious prosecution" claim as a § 1983 claim and not a state common law claim[1], the Defendants will address the merits of this claim as such. As a § 1983 claim, the Plaintiff makes only vague, conclusory allegations connected to any constitutional rights – initiating a prosecution without probable cause and withholding exculpatory *Brady* evidence. At the most, his conclusory allegations only generally allege that a police report was withheld, without alleging what exculpatory evidence it contained, or its materiality. Nor does he allege in any factual manner how the prosecution lacked probable cause. Doc. 20, ¶¶ 52 and 67.

> [T]the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Id.*, at 555, 127 S.Ct. 1955 (citing *Papasan v. Allain,* 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." 550 U.S., at 555, 127 S.Ct. 1955. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.,* at 557, 127 S.Ct. 1955.
> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.,* at 570, 127 S.Ct. 1955.

*Iqbal,* 556 U.S. at 678, 129 S.Ct. at 1949; *see Freeman v. City of Santa Ana,* 68 F.3d 1180, 1189 - 1190 (9th Cir. 1995) (directed verdict for defendants on malicious prosecution claim because no evidence showed that prosecution lacked probable cause). The mere allegation of the fact that the prosecution against him was dismissed does not mean that the prosecution lacked probable cause.

---

[1] *See, e.g., Nataros v. Superior Court,* 113 Ariz. 498, 500, 557 P.2d 1055, 1057 (1976).

City of Prescott Legal Department
221 S. Cortez Street
Prescott, Arizona 86303

*Id.*, at 1191 ("The mere fact a prosecution was unsuccessful does not mean it was not supported by probable cause.")

Because the Plaintiff has not alleged the factual nature of the evidence withheld or the manner in which no probable cause existed to prosecute him, his claims at the most are only conceivable and not plausible. Factual allegations of these matters are necessary for a court, at the earliest opportunity, to undertake the analysis under *Saucier v. Katz*, 533 U.S. 194, 121 S.Ct. 2151 (2001), of whether at the time a clearly established constitutional right was violated such that reasonable officials acting in the officials' position would have understood they were violating that right, and, thus, whether qualified immunity applies. *Dunn v. Castro*, 621 F.3d 1196, 1199 (9th Cir. 2010) (district court defined right too abstractly in determining clearly established right), *quoting Hunter v. Bryant,* 502 U.S. 224, 227, 112 S.Ct. 534, 116 L.Ed.2d 589 (1991) ("the Supreme Court has 'repeatedly ... stressed the importance of resolving immunity questions at the earliest possible stage in litigation.'"). Thus, specific factual allegations are required to allow an analysis at the motion to dismiss stage of whether an alleged right, defined with sufficient particularity, has been clearly established and was violated. *Id.* Without specific factual allegations of the evidence withheld, how it was withheld, and its materiality, or how probable cause was lacking, the Court and the Defendants cannot make an early determination of whether qualified immunity applies.

Plaintiff also has failed to state a claim for malicious prosecution based on the initiation of a criminal prosecution that he alleges lacked probable cause. "[M]alicious prosecution, by itself, does not constitute a due process violation; to prevail [a plaintiff] must show that the defendants prosecuted her with malice and without probable cause, and that they did so for the purpose of denying her equal protection or another specific constitutional right." *Freeman v. City of Santa Ana*, 68 F.3d 1180, 1189 -1190 (9th Cir. 1995); *see also Smith v. Almada*, 640 F.3d 931, 938 (9th Cir. 2011). In *Freeman* the court noted that the plaintiff merely listed the citations that were issued

against her, but were dismissed, just as the criminal prosecution was here, and that the plaintiff could not point to any evidence that probable cause was lacking. Thus, a directed verdict for the defendants on a malicious prosecution claim was properly granted. Similarly, in this case the Plaintiff's malicious prosecution claim only alleges "'naked assertion[s]' [of a claim for malicious prosecution, based on the lack of probable clause, but] devoid of 'further factual enhancement[]'" about the manner in which probable cause was lacking and the nature of the allegedly undisclosed exculpatory evidence, and the manner in which it was not disclosed. *Iqbal,* 556 U.S. at 678, 129 S.Ct. at 1949, *quoting Twombly,* 550 U.S. at 557, 127 S.Ct. 1955. Thus, just as *Freeman* failed to prove a due process malicious prosecution claim, Plaintiff here has also failed to adequately allege such a claim under the *Iqbal* and *Twombly* pleading requirements.

Nor has Plaintiff sufficiently alleged a claim based on the lack of "probable cause" because he has not alleged that he was either arrested or "seized" pursuant to a warrant issued without probable cause, since only a summons was issued for him to appear, pursuant to Ariz. R. Civ. P. 3.2 and 3.4.[2] Issuance of a summons in a criminal proceeding, alone or in combination with pre-trial restrictions, does not constitute a seizure without probable cause on which a plaintiff may maintain a §1983 malicious prosecution claim. *Mahoney v. Kesery,* 976 F.2d 1054, 1060 (7th Cir. 1992) (mere appearance at an arraignment in a criminal prosecution without a trial). The *Mahoney* court noted that a court appearance is "less dramatic, less traumatic, than being arrested, or booked, the first usually involving being searched and handcuffed, the second being searched, fingerprinted, and photographed." For that reason *Mahoney* did not recognize such a "constitutional tort" if only court appearances were required. *Id.,* at 1060; *see also Yanes v*

---

[2] Although he has not specifically alleged a Fourth Amendment violation, the Plaintiff's use of the term "probable cause," in conjunction with his reference to a criminal prosecution, which usually results in the issuance of a warrant or summons, the Defendants can only surmise he is alleging some type of Fourth Amendment violation. U.S. Const, Amend IV. But it is Plaintiff's burden to properly allege a claim and not the Defendant's burden to surmise what is alleged.

7

*Maricopa County*, 648 Ariz. Adv. Rep. 31 (Div. 1, November 11, 2012) (plaintiff could not maintain a § 1983 "malicious prosecution" Fourteenth Amendment due process right to be free from criminal prosecution except upon probable cause.)  Because the Plaintiff was merely charged with a criminal offense, which was later dismissed without a trial, and only a summons was issued, he may not assert a malicious prosecution claim under §1983.

Plaintiff has also failed to state a claim for malicious prosecution based on the failure to disclose exculpatory evidence because he has not alleged, and the undisputed facts in his underlying criminal prosecution show, that no trial ever occurred at which exculpatory evidence could have been presented, and at which the result would have been different had the evidence been available.  Instead, even the Plaintiff admits that the prosecution was eventually terminated in his favor and dismissed before trial.  Doc. 20, ¶ 2.  Additionally, Plaintiff has failed to state a claim for the alleged withholding of the exculpatory evidence because nowhere in the 25 page Amended Complaint does he identify the evidence that was disclosed.  At the most, he alleges that a police report was not disclosed (Doc. 20, ¶¶ 52, 64 – 74), but he never alleges, as *Iqbal* and *Twombly* require, a single fact of the material evidence that he alleges was not disclosed.  The need to disclose such a fact is critical to the initial evaluation of the plausibility of the claim because a § 1983 *Brady* claim will fail if the withheld evidence was not material.  *Smith*, 640 F.3d at 939 (summary judgment for defendants).  Despite 11 separate lengthy allegations about the undisclosed police report with the allegedly exculpatory evidence, the Plaintiff does not devote a single sentence to what the exculpatory material evidence was that was not disclosed.

A plaintiff's § 1983 *Brady* violation claim is properly dismissed for a failure to state a claim if a criminal prosecution is "dropped" or determined in a favor of a plaintiff before trial. *McCune v. City of Grand Rapids*, 842 F.2d 903, 907 (6th Cir. 1988) (there is no injury caused by the act of suppressing exculpatory evidence and plaintiff cannot assert a § 1983 claim based on a

City of Prescott Legal Department
221 S. Cortez Street
Prescott, Arizona 86303

1  *Brady* violation if prosecution enters *nolle prosequi* charge in criminal proceeding without a trial).
2  Because *Brady* protects a defendant from an unfair trial, an acquitted defendant does not suffer the
3  effects of an unfair trial where allegedly withheld *Brady* evidence could have been presented, and a
4  § 1983 claim based on an alleged *Brady* violation is properly dismissed.  *See Flores v. Satz* 137
5  F.3d 1275, 1276 (11th Cir. 1998) (grant of motion to dismiss affirmed on the basis of qualified
6  immunity); *see also Kyles v. Whitley,* 514 U.S. 419, 435, 115 S.Ct. 1555 (1995); *Banks v. Dretke,*
7  540 U.S. 668, 699, 124 S.Ct. 1256 (2004) ("[Defendant] must show a reasonable probability of a
8  different result."); *Strickler v. Greene,* 527 U.S. 263, 289, 119 S.Ct. 1936, 144 L.Ed.2d 286 (1999)
9  (plaintiff must show "there is a reasonable probability that the result of the trial would have been
10 different if the suppressed documents had been disclosed to the defense"); *Mosley v. City of*
11 *Chicago*, 614 F.3d 391, 397 (7th Cir. 2010) ("a trial that results in an acquittal can never lead to a
12 valid claim for a *Brady* violation because the trial produced a fair result, even without the
13 exculpatory evidence."), *citing Morgan v. Gertz,* 166 F.3d 1307, 1310 (10th Cir. 1999)
14 ("Regardless of any misconduct by government agents before or during trial, a defendant who is
15 acquitted cannot be said to have been deprived of the right to a fair trial.").  Based on the lack of an
16 allegation that a trial occurred and how the result of the criminal case would have been different
17 than the dismissal, Plaintiff has failed to allege the requirements of a *Brad*y claim.

18  Although Plaintiff also alleges that the criminal prosecution against him was undertaken
19 without probable cause, because this is only a general conclusory allegation, without factual
20 underpinnings showing HOW the prosecution lacked probable cause (e.g., witness recanted
21 statement, evidence fabricated, etc.), he does not nudge his claim over the line of mere plausibility.
22 Because the Plaintiff admits he faxed documents to Thomas-Morgan and that an injunction against
23 harassment was in place against him, it is impossible to discern how probable cause was lacking,
24 and hence, whether a clearly established right was violated.  Doc. 20, ¶¶ 25 – 37.
25

1   For the additional reasons stated below, the Plaintiff should not be afforded an opportunity to
2   make a more definite statement or again amend his Complaint, but all claims should be dismissed.

### C. Plaintiff Fails to State a § 1983, Fourteenth Amendment Claim (Count Three).

The only explicit substantive federal constitutional basis for this alleged due process claim is Plaintiff's allegation that in the criminal prosecution against him Defendants withheld exculpatory evidence contrary to *Brady*. Doc. 20, ¶ 104. This claim is merely Plaintiff's § 1983 malicious prosecution based on the same allegation of withholding of exculpatory evidence recast as a Fourteenth Amendment claim. In explaining the effect of the Supreme Court's decision in *Albright v. Oliver*, 510 U.S 266, 114 S.Ct. 807 (1994), on § 1983 claims, the court in *Yanes* said: "[F]or § 1983 claims based on malicious prosecution 'substantive due process may not furnish the constitutional peg on which to hang such a 'tort.' ' . . . [T]he majority of courts agree that based on *Albright*, substantive due process does not provide a valid basis to bring a § 1983 claim. Moreover, most courts have followed *Albright's* direction that the Fourth Amendment's proscription against 'unreasonable seizures' protects against deprivation of liberty stemming from charges filed without probable cause." 648 Ariz. Adv. Rep. at 33, ¶¶ 18 – 19; s*ee also Harrington v. City of Council Bluffs*, 678 F.3d 676, 680 (8th Cir. 2012) ("If malicious prosecution is a constitutional violation at all, it probably arises under the Fourth Amendment."). Thus, the Court of Appeals in *Yanes* held that the plaintiff's § 1983 claim was not actionable under the Fourteenth Amendment's substantive due process clause. Accordingly, the alleged Fourteenth Amendment claim is not actionable under *Yanes, Albright*, and *Harrington,* and it should be dismissed.

### D. Plaintiff Has Not Stated a Claim for Abuse of Process (Count Two).

Although Plaintiff denominates this claim as a § 1983 claim, he parrots the same allegation of a criminal prosecution being initiated without probable cause as he does in his malicious prosecution and Fourteenth Amendment claims. This recast abuse of process claim should also be

City of Prescott Legal Department
221 S. Cortez Street
Prescott,, Arizona 86303

dismissed because it suffers the same pleading and legal deficiencies as the malicious prosecution and Fourteenth Amendment claims.

Because of Plaintiff mixes and matches concepts for federal constitutional claims under §1983 with a state common law abuse of process claim, the theory of this claim also is not sufficiently alleged. Moreover, as a state common law claim,

> the gist of the tort of abuse of process is misusing process justified in itself for an end other than that which it was designed to accomplish. "It is an act done under the authority of the court for the purpose of perpetrating an injustice, i.e., a perversion of the judicial process to the accomplishment of an improper purpose." The essential elements of the tort are first, an ulterior purpose, and second, a wilful act in the use of the process not in the regular conduct of the proceeding.

*Rondelli v. Pima County,* 120 Ariz. 483, 489, 586 P.2d 1295, 1301 (App. 1978) (citation omitted). Even assuming that a state law claim could be made under § 1983 on some undisclosed theory, the allegations are still deficient conclusory allegations under *Iqbal* and *Twombly*, without a single specific factual allegation that plausibly shows an ulterior or improper purpose, and without alleging a theory of liability for making a state law claim under § 1983. *See Robbins; Mason.*

### E. Plaintiff Fails to State a Claim Under 42 U.S.C. 1983 – Deprivation of Fourth Amendment (Count Four).

Not only is this claim completely devoid of a single factual matter regarding the specific acts of the individual Defendants that may have violated a constitutional protection, contrary to *Iqbal* and *Twombly*, the Plaintiff has completely failed to indentify a specific Fourth Amendment constitutional protection that is alleged to have been violated, other than the general, conclusory allegation that he "suffered the deprivation of his personal liberty." This is only a conclusory allegation couched as a fact and is not a sufficient allegation; he does not allege in a specific factual manner how he was deprived of his personal liberty, or "seized," if that is indeed what he means. *Freeman; see also Moss v. U.S. Secret Service*, 675 F.3d 1213, 1231 -1232 (9th Cir. 2012). (12(b)(6) motion granted for failure to allege what specific unconstitutional acts supervisors

1 authorized). Plaintiff does not allege in any factual manner that he was arrested, detained or "seized" in any way. Indeed, because only a summons was issued he could not so allege.

The records of the criminal prosecution against the Plaintiff disclose that no Fourth Amendment seizure occurred because only a summons was issued and he apparently remained released, subject to some pretrial conditions, and that he was repeatedly ordered to appear at future proceedings and warned that if he failed to appear in future proceedings a warrant would be issued. (Ex. 1, City court minute entries 5/21, 6/23, and 6/25/2009). He does not allege that he was arrested, taken into custody, detained or jailed. For these reasons, Plaintiff was never "seized" as contemplated by the Fourth Amendment and he has not alleged a Fourth Amendment claim. "In order to make out a claim under Section 1983 for an unreasonable seizure in violation of the Fourth Amendment, a plaintiff must allege, of course, that the defendants' conduct constituted a seizure, and that the seizure was unreasonable." *Bielanski v. County of Kane*, 550 F.3d 632, 637 (7th Cir. 2008). Of course such allegations must contain sufficient factual detail in a non-conclusory form to facilitate an assessment of whether those acts are within the "clearly established law" applicable under § 1983, and whether qualified immunity applies. No Fourth Amendment seizure occurs if a plaintiff is not arrested or detained but merely summoned and required to attend court hearings, and only subjected to pretrial restrictions in a criminal prosecution, as Plaintiff was here. *Id*. at 639 – 640, and cases cited therein, including *Karam v. City of Burbank*, 352 F.3d 1188, 1193–94 (9th Cir. 2003) (no Fourth Amendment seizure from issuance of summons requiring court appearances and *de minimis* restrictions in a recognizance agreement that required court's permission before leaving state, and which compelled appearance in court); *see also Becker v. Kroll*, 494 F.3d 904, 915–16 (10th Cir. 2007) (criminal prosecution in which a preliminary hearing was held and plaintiff was bound over, but never taken into custody was not seized for Fourth Amendment purposes). Without more than is alleged here, Plaintiff's claim is subject to dismissal. *Bielanski*.

**F. Plaintiff Fails to State Second Amendment Claim Based on the Terms of His Release That He Not Possess Deadly Weapons Because a State Procedure was Available to Him to Challenge That Condition (Count Five).**

Plaintiff has also failed to allege a Second Amendment claim for deprivation of his right to possess weapons as a condition of his release because a state criminal procedure existed for him to challenge this temporary condition of his release. *See* Ex. 1, City court minute entry 6/23/2009, p.1. A plaintiff asserting a § 1983 Second Amendment claim that arises during a criminal proceeding against him, fails to state a claim for the denial of the right to possess weapons if a state law procedure allows a remedy for such alleged violation. *See Houston v. City of New Orleans*, 675 F.3d 441, 444 (5th Cir. 2012) (defendant's firearm seized during his criminal prosecution, in which a *nolle prosequi* was later entered). Because Plaintiff had a remedy pursuant to Ariz. R. Crim. P. 7.4 and 7.5 to review the release condition that he not possess deadly weapons, this claim is subject to dismissal pursuant to 12(b)(6). *Houston, supra*. Indeed, the records of the criminal proceeding against him show that he unsuccessfully challenged this specific release condition. Exhibit 2, uncertified documents from criminal proceeding.

**G. Plaintiff Fails to State a Claim under 42 U.S.C. 1986 for "Action for Neglect to Prevent" (Count 7).**

Plaintiff has also failed to allege a claim under 42 U.S.C.A. § 1986, which requires an allegation of an underlying violation of § 1985. *Johnson v. City of New York*, 669 F.Supp.2d 444, 452 (S.D.N.Y. 2009) ("a section 1986 claim is contingent on the existence of a valid section 1985 claim"). The Plaintiff has also failed to allege any specific facts sufficient for a plausible conspiracy claim under §1986 to violate § 1985(3).

> To state a claim pursuant to subdivision 3 of section 1985, which is the only subdivision of relevance here, a plaintiff must allege: (1) a conspiracy; (2) for the purpose of depriving any person or class of persons of equal protection of the laws, or of equal privileges and immunities under the laws; (3) an act in furtherance of the conspiracy; (4) and that a person is thereby either injured in his person or property or deprived of any right of a citizen of the United States. Moreover, a plaintiff must further allege that the conspiracy was motivated by "some racial or perhaps

otherwise class-based, invidious discriminatory animus behind the conspirators' action."

*Id.* at 451 (citations omitted). The Plaintiff also has not sufficiently alleged a conspiracy under §1986 because he

> mak[es] no specific factual allegations respecting a meeting of the minds, specific communications between the [Prescott or any other]defendants, or even concerted activities or coordinated efforts between them. A bare assertion that a conspiracy existed, unsupported by any specific factual allegations, is itself insufficient to state a plausible claim to relief. *See Mass v. McClenahan*, 893 F. Supp. 225, 231 (S.D. N.Y. 1995)("[A] plaintiff must do more than make vague, general or conclusory accusations in order to establish the existence of a conspiracy actionable under § 1985(3).")

*Johnson*, 669 F.Supp.2d at 451 - 452.

Because the Plaintiff has not sufficiently alleged a claim under § 1985, and he has not sufficiently alleged a conspiracy, his claim under § 1986 is subject to dismissal.

### H. Plaintiff Fails to State Claims Because He Does Not Identify the Individual Acts of the Individual Defendants Who Committed Any Specific Alleged Violations.

The Amended Complaint should also be dismissed for failure to state a claim because it also does not clearly identify the individual defendants and their individual acts sufficiently to allow the Defendants to identify the individual acts of the individual Defendants accused in each count. Most counts simply allege "all defendants" and then allege a claim in a conclusory manner. This deficiency does not give adequate notice to allow the Defendants to make an appropriate investigation and formulate admissions or denials as to each individual Defendant's actions, and raise appropriate defenses, as to each individual Defendant.

A complaint alleging constitutional civil rights violations but failing to identify what role, if any, each individual defendant had in violating a plaintiff's right will be dismissed pursuant to Rule 12(b)(6). *Kwai Fun Wong v. U.S.*, 373 F.3d 952, 966 -967 (9th Cir. 2004).

> In § 1983 cases, defendants often include the government agency and a number of government actors sued in their individual capacities. Therefore it is particularly important in such circumstances that the complaint make clear exactly *who* is

14

>alleged to have done *what* to *whom,* to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations against the state.

*Robbins*, 519 F.3d at 1249 -1250, *citing Twombly,* 550 U.S. at 1970 – 71, n. 10. Therefore, a "complaint [that] fails to isolate the allegedly unconstitutional acts of each defendant, . . . does not provide adequate notice as to the nature of the claims against each" and will be dismissed under Rule 12(b)(6). *Id*. at 1250. In this case each count incorporates all of the preceding 96 allegations, some of which partially identify individual defendants, while several allegations only refer generally to "defendants," without isolating which of the preceding 96 allegations are incorporated to identify which of the individual defendants committed the individual acts resulting in the separately alleged violations. Moreover, all of the counts, save for Three, Six and Ten, specifically refer to "all defendants." Count Six references Savona, Murray, Morgan-Thomas and Keller, omitting only one other defendant, which is tantamount to a reference to all defendants, without again isolating the separate acts of those Defendants. Only count Three identifies only Savona and Murray, but still does not identify the specific acts of each, except in a general conclusory manner. *See, e.g., Mason* , 251 F.R.D. at 5634 ("[E]ach claim for relief in the Complaint generally reallege[d]s all the preceding allegations, regardless of whether those allegations conflict with the claim for relief. . . . [and] each claim for relief is alleged against all eleven defendants, regardless of whether the facts alleged support such an allegation, [making some counts] unclear as to how [a particular defendant] was involved in that violation of Plaintiff's rights."). Although the court in *Mason* granted a motion for a more definite statement and required the plaintiff to submit an amended complaint making a more definite statement, because the Plaintiff has demonstrated his inability in prior cases to correct these types of pleading deficiencies with amended pleadings, he should not be given an opportunity to file yet a third complaint.

In this case the Amended Complaint should be dismissed outright, because in an earlier

case, the City pointed out the same pleading infirmity along with other pleading infirmities in the Plaintiff's Second Amended Complaint, and the Plaintiff was unable to fully overcome these deficiencies. *See* CV-10-8013-PCT-DGC, U.S. District Court, District of Arizona, Doc. 26, pp. 16-17. Repeatedly allowing the Plaintiff to file amended pleadings when he has demonstrated his inability to correct deficiencies would be futile. Although the Court would usually allow an alternative to dismissal and allow an amended complaint, the Plaintiff has already done so once as a matter of course under Rule 15(a)(1), and he must now seek leave under Rule 15(a)(1). For these reasons, allowing a more definite statement or another or amended complaint would be futile.

### I. Plaintiff Fails To Sufficiently Allege Intentional Infliction of Emotional Distress.

Plaintiff also fails to sufficiently allege the tort of intentional infliction of emotional distress, which is defined as follows:

> [O]ne who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress, and if bodily harm to the other results from it, for such bodily harm.
>
> The element of "extreme and outrageous conduct" requires that plaintiff prove defendant's conduct exceeded "all bounds usually tolerated by decent society ... and [caused] mental distress of a very serious kind."

*Godbehere v. Phoenix Newspapers, Inc.*, 162 Ariz. 335, 339, 783 P.2d 781, 785 (1989) (citations omitted). "The court in the first instance must determine whether the acts complained of can be considered extreme and outrageous so as to state a claim for relief." *Gilbert v. Board of Medical Examiners of State of Ariz.* 155 Ariz. 169, 177, 745 P.2d 617, 625 (App. 1987). Because Plaintiff does not allege any conduct "so outrageous as to go 'beyond all possible bounds of decency'", this claim is subject to dismissal under Rule 12(b)(6). *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1046 (9th Cir. 2011), *quoting Lucchesi v. Frederic N. Stimmell, M.D., Ltd.*, 149 Ariz. 76, 716 P.2d 1013, 1015 (1986) (en banc).

16

**J. Plaintiff has Failed to State a Claim for False Light Invasion of Privacy**

Again, Plaintiff has pled only generalizations and conclusions, without factual specificity as to each individual Defendants' "comments or suggestions." Doc. 20, ¶ 123. He only alleges that he now has a criminal record. *Id.*, ¶ 122. Because of the insufficiently of the Plaintiff's pleading and because his criminal record relates to official acts or duties of public officers in law enforcement, Plaintiff fails to state a claim and this claim should be dismissed as to all defendants. *Godbehere*, 162 Ariz. at 343, 783 P.2d at 789 (no false light claim for matters of public interest such as the manner in which law enforcement officers perform their duties.).

**K. Plaintiff Fails to State a Claim for Negligent Supervision Against the City.**

Because the existence of a policy is question in municipal liability cases, this claim can be interpreted as a §1983 claim, albeit an insufficient one. To the extent that Plaintiff attempts to plead claims under § 1983 (Counts One through Seven) as a basis for negligent supervision, because no vicarious liability exists under *Monell v. Department of Social Services of City of New York* 436 U.S. 658, 692, 98 S.Ct. 2018, 2036 (1978), Plaintiff fails to state a claim against the City. To the extent that Plaintiff fails to comply with *Iqbal* and *Twombly* and plead specific factual matters for a state law claim, he fails to state a claim for negligent supervision resulting in the other alleged state law claims.

RESPECTFULLY SUBMITTED this 12th day of December, 2012.

CITY OF PRESCOTT LEGAL DEPARTMENT

By s/Thomas A. Lloyd
THOMAS A. LLOYD
Assistant City Attorney
City of Prescott Legal Department
221 S. Cortez Street
Prescott, AZ 86303
*Attorney for Defendants City of Prescott,
Glenn A. Savona, Dan Murray, and Christine Keller*

17

I hereby certify that on the 12th day of December, 2012, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing.

I hereby certify that on December 12, 2012, I mailed the foregoing to:

Honorable James A. Teilborg
U.S. District Court
Sandra Day O'Connor U.S. Courthouse, Suite 622
401 W. Washington Street, SPC 80
Phoenix, AZ 85003

P. "Mike" Palmer
18402 N. 19th Avenue #109
Phoenix, AZ 85023
Pro Se

s/Debby Johnston