1 | P. "Mike" Palmer
2 | 18402 N. 19th Avenue, #109
  | Phoenix, AZ 85023
3 | 602-513-3738 (intermittent cell)
  | Pro Se

FILED ___ LODGED
RECEIVED ___ COPY
DEC 26 2012
CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF ARIZONA

| Peter Michael Palmer, an individual, | CV-10-8209-PCT-JAT |
|---|---|
| Plaintiff, | |
| vs. | **PLAINTIFF'S RESPONSE TO DEFENDANT SAVONA'S MOTION TO DISMISS AND QUASH SERVICE** |
| Glenn A. Savona, et al., | |
| Defendants. | |

Defendant Savona moved the Court to dismiss the complaint for insufficient service of process and (therefore implied) lack of jurisdiction over him. The motion should be denied for the reasons below.

But before getting to my Memorandum, it's first necessary to strike some text from opposing counsel's motion to remove "unnecessary clutter."[1] Specifically, counsel's revisionist history.

Counsel's revisionist historical allegations are "immaterial, impertinent" and apparently intended to be "scandalous" (and therefore, prejudicial to pro se Plaintiff).[2]

---

[1] " . . . a motion to strike can be a useful means of removing 'unnecessary clutter' from a case." *Mittelstaedt v. GAMLA-CEDRON ORLEANS LLC*, Dist. Court, ND Illinois, Dec. 2012 citing *Heller Fin., Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir. 1989).

[2] "Superfluous historical allegations are a proper subject of a motion to strike." *Fantasy, Inc. v. Fogerty*, 984 F. 2d 1524 (9th Circuit 1993), citing *Healing v. Jones*, 174 F.Supp. 211, 220 (D.Ariz.1959).

1  If the Court does not act on its own to strike those allegations (pursuant to F.R.Civ.P.
2  12(f) and 12(f)(1)), Plaintiff has filed a Motion this same day to strike said material.
3       Also, Plaintiff asks the Court to note that opposing counsel's spin of my motives
4  in his retelling of history arguably violates Arizona Ethics Rules 4.4(a). ". . . a lawyer
5  shall not use means that have no substantial purpose other than **to embarrass**, delay, or
6  burden any other person . . ." Rule 42, Ariz. R. Sup. Ct. (Especially since I documented
7  my reasons for the actions I took in my Motion to Reconsider (Doc. 11) and my appeal
8  before the Ninth.) If it is unethical to spin past events so as to embarrass me (to
9  prejudice the Court), then, by extension, it is also wrong for the Court to consider such
10 scandalous material.[3]
11      Likewise, opposing counsel's prognostication of what I might do in the future is
12 immaterial since it hasn't happened. (E.g., Motion, page 4, line 21.) As such it is
13 impertinent. Being prejudicial on its face, it is scandalous by definition. It should also
14 be stricken.

## MEMORANDUM OF POINTS AND AUTHORITIES

I.   Mootness due to mis-tolling

     While opposing counsel states that service was two days late, he is not tolling the time correctly. Opposing counsel presumes the deadline was November 24. But that is incorrect. Counsel forgot to add 3 days to his calculation.

     The Court ordered Plaintiff to serve Defendants within 30 days of the date of the Order. There was no hard date deadline specified by the Court. Pro se Plaintiff is not in the ECF System and only received the Court's order by mail on October 26th, two days after it was filed. Which is why F.R.Civ.P Rule 6(d) exists. That Rule says, "When a party may or must act within a specified time after service and service is made under Rule 5(b)(2)(C), (D), (E), or (F), 3 days are added after the period would otherwise expire under Rule 6(a)."

---

[3] Plaintiff files a Motion this same day to Disqualify Mr. Lloyd as opposing counsel, although for different reasons.

Therefore, because the Court's Order was served on me by mail, the Court's 30 day deadline for service is automatically extended by 3 days pursuant to Rule. The deadline for service then calculates to November 27. In which case, there is no foul because Defendant Savona was served on the 26th. Therefore Defendant's motion is moot.

II. Discussion

If Plaintiff's tolling above is incorrect, opposing counsel overlooked the following facts in his recitation:

A. The history

Plaintiff dutifully served Defendant City of Prescott, Defendants Murray (and spouse) and a Christine Keller (and spouse) on Wednesday, November 21, 2012 before the Court's 30-day deadline expired. As such, the City of Prescott and its defense counsel, who is a City employee and appears also for Defendant Savona, had noticed that day that defendant Savona was being sued. Per the handwritten note at the bottom of Savona's Proof of Service (Doc. 19), Plaintiff attempted service on Defendant Savona at the City's Legal Department that same day.

However, Plaintiff's process server was told by the City's Legal Department staff that Defendant Savona was on vacation. (It being the day before the Thanksgiving holiday.) And that he wouldn't return until Monday. And that the Legal Office would be closed Friday. (We also confirmed that the City of Prescott offices were closed on Friday for the Thanksgiving holiday.)

Neither of the two staff members present would accept service for Savona, despite being trusted City employees, arguably similar to corporate agents who could have accepted service for Savona, per opposing counsel's cite of *Direct Mail Specialists*, since the City of Prescott is a municipal corporation. (The point being, we were diligent {per counsel's site of *Preston*} and could have served Savona that day but were thwarted by corporate agents avoiding service.)

Presumably, Defendant Savona was out of town over the long holiday weekend.

1  Even if not, being a Prosecutor, he presumably has a protected home address.
2  Respecting his privacy as a Prosecutor, we did not try to track him down at his private
3  residence over the holiday weekend.
4       Now, when a deadline in the federal court falls on a weekend, it moves to the
5  following Monday to allow for the clerk's office being closed. So even if the deadline
6  for service was Saturday the 24th, considering that Savona could only be served at his
7  work (being a Prosecutor with a protected home address), this calendaring policy
8  seems applicable to this situation. If so, since Savona was served on the following
9  Monday after Saturday, the motion to quash is moot.
10      Even if the closed office deadline rule does not apply to this situation, given the
11 fact that defense counsel's Prescott office was also closed Thursday, Friday, Saturday
12 & Sunday, and that no defense would be in process during that time, Plaintiff submits
13 that service on Savona was effectively late by 45 minutes. (From Close of Business
14 Wednesday to Opening of Business Monday morning, since Savona was served early
15 Monday morning as below.) Not two days as opposing counsel submits.
16      Further, as it goes to Plaintiff's due diligence, my process server drove to
17 Prescott early Monday morning to serve Mr. Savona at the earliest possible time,
18 arriving at the legal office before 8 a.m. Mr. Savona was already in court. My server
19 waited and served Mr. Savona the moment Mr. Savona returned from court to the
20 Legal Office, at 9:41 a.m. Monday, November 26.
21      B.    <u>Controlling law</u>
22      Now, F.R.Civ.P. Rule 4(m) provides that "If a defendant is not served within
23 120 days after the complaint is filed, the court—on motion or on its own after notice to
24 the plaintiff—must dismiss the action **without prejudice** against that defendant **or**
25 order that service be made within a specified time. But if the plaintiff shows good
26 cause for the failure, the court **must** extend the time for service for an appropriate
27 period." Thus, it's clear that missing the deadline for service is not automatically fatal
28 especially when one reads the Rule in light of the Notes of Advisory Committee on

Rules—1993 Amendment: "The new subdivision explicitly provides that the court shall allow additional time if there is good cause for the plaintiff's failure to effect service in the prescribed 120 days, and authorizes the court to relieve a plaintiff of the consequences of an application of this subdivision **even if there is no good cause shown . . .**" So, per counsel's cite of *Direct Mail* at *688, "'Rule 4 is a flexible rule that should be **liberally construed** so long as a party receives sufficient notice of the complaint.'"

Focusing on *Direct Mail*, Defendant Savona received sufficient notice because the City of Prescott was served Wednesday, and because Savona works as employee of that municipal corporation. (In fact, one wonders if, on Wednesday, opposing counsel, a coworker in the small town, didn't call Mr. Savona at his vacation location saying "Guess what? You're being sued!") Also see opposing counsel's own cite of *Preston*, where at *201, after defendants there made a similar argument, that court said, "We disagree. The defendants cannot say that they were surprised by being named as defendants in this action." For as soon as the City knew it was being sued, its employee, Mr. Savona knew. (Sued in his official as well as his individual capacity.)

C.   Good Faith = Good Cause

Citing *Preston at* *199, "The initial consideration for a motion to dismiss for failure to prosecute by reason of delay of service is '(a) a lack of due diligence on the part of the plaintiff not a showing by the defendant that it will be prejudiced by the denial of its motion." (Interestingly, in *Preston*, that Court denied defendant's similar Rule 12(b) motion to dismiss, even though there had been a two-year delay. Not two days (worst case) as here.

The true history, as outlined above, demonstrates that I was diligent to serve Mr. Savona on Wednesday the 21st. Upon learning he would return from vacation the next Monday, after normal business resumed after the holiday weekend, my process server served Mr. Savona as soon as possible that morning. The Court should also take into consideration that Mr. Savona's staff, who was arguably able to accept service for him

(per *Direct Mail*, above) did not accept ("evaded"?) service. That was not lack of diligence on my part.

The Ninth Circuit says "When considering a motion to dismiss a complaint for untimely service, courts must determine whether good cause for the delay has been shown on a case by case basis. We have recognized that '[a]t a minimum, "good cause" means excusable neglect.' In *Boudette*, we stated that a plaintiff may be required to show the following factors in order to bring the excuse to the level of good cause: '(a) the party to be served received actual notice of the lawsuit; (b) the defendant would suffer no prejudice; and (c) plantiff would be severely prejudiced if his complaint were dismissed.'" *In re: Sheehan*, 253 F.3d 507, 512 (9th Cir. 2001). (Internal citations omitted.)

In this instant case, (a) Defendant Savona has received actual notice of the lawsuit; (b) Defendant Savona has not suffered prejudice since the City attorney representing him was served on Wednesday, and in fact, has filed a lengthy motion to dismiss (Doc. 29), and since there was, at best, only a 45 minute delay in service considering the closed offices over the Thanksgiving weekend; and (c) since Defendant Savona is the primary bad actor in my lawsuit, plaintiff would be severely prejudiced if my complaint were dismissed.[4] What ever possible harm there could be to Defendant has been cured.

Good cause or no, according to the Ninth Circuit, F.R.Civ.P. 4(m) "requires a district court to grant an extension of time if good cause is shown and permits an extension of time **even absent good cause**." (*Mann v. American Airlines*, 324 F.3d 1088 (9th Cir. 2003) at FN2 citing *Henderson v. United States*, 517 U.S. 654, 622, 116 S.Ct. 1638, 134 L.Ed.2d 880 (1996).) While I, Plaintiff, believe I have shown good cause and so an extension of time must be granted, pro se Plaintiff files a Motion this

---

[4] Remembering that "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and that 'recovery is very remote and unlikely.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) at 556 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)).


1 | same day for an extension of time as a contingency.

## III. Miscellanea

Because this Court, in its Standard Civil Track Order, has warned me that "failure to serve and file the required responsive memorandum to a motion 'may be deemed a consent to the . . . granting of the motion,'" pro se Plaintiff, not daring to leave any stone unturned, submits for completeness that:

Opposing counsel's site of *Abbott* is inapposite. The reason the *Abbott* court gave for declining to give plaintiff an opportunity to perfect service was that the court lacked subject matter jurisdiction. (See FN 6 there.) And counsel's cite of *Preston* is double-moot, since service against Defendant Savona has already been perfected. (Whereas service in *Preston* had been insufficient.)

If the Court does not strike the revisionist history told by opposing counsel, I point out that counsel wrongly states I "ignored the Court's order to show cause why the case should not be dismissed (without even offering an explanation) . . ."[5] In fact, I did offer an explanation. See Doc. 11, FN 1.

Opposing counsel then says "It should be remembered that the Court of Appeals did not decide that the Plaintiff did not fail to comply with the District Court's earlier order for service, but only that the District Court abused its discretion in dismissing the action on that occasion." That is a distinction without a difference. Not to open old wounds, but while the Court was gracious to offer this IFP litigant service by U.S. Marshals, the Court's belief that its offer was 'an offer I couldn't refuse' did not comport with Rule 4(c)(3). (Which requires that I first move the Court for service by marshals.) In other words, the Court's Order regarding service was not a lawful court order and there was nothing for me to "comply" with.

Counsel says I "avoided dismissal once already for failure to effect service as ordered . . ." I remind the Court that I didn't avoid dismissal. The Court dismissed by

---

[5] "because" [sic] in the original.

case and it took two years in the Ninth for me to get it back.

Speaking of dismissal, opposing counsel implies I could have served my complaint in those two years, after the case had been dismissed and was closed in the District Court. I don't think that would pass Chief Judge Konzinski's "straight face" test. My case was in Limbo during that time.[6]

Extending from Defendant's cite of *Mann* (which makes my case anyway), tolling stopped about two years ago on January 3, 2011 when this Court dismissed my case. (Doc. 10.) Per *Preston* then, there can be no prejudice to Defendant by not serving a Complaint on him during that time when there was no lawsuit in play during that time.

SUBMITTED this 26th day of December 2012

By: /s/ P. Michael Palmer
P. Michael Palmer
18402 N. 19th Ave., #109
Phoenix, AZ 85023
602-513-3738

**Certificate of Service:**

Pro se Plaintiff files this same day a Motion to Disqualify opposing counsel Thomas Lloyd. Therefore, copy of the foregoing mailed under protest this day to:

Mr. Thomas Lloyd
Prescott Legal Department
221 S. Court Street
Prescott, AZ 86303

---

[6] Plaintiff, a Bible believing Christian, is not endorsing the Roman Catholic doctrine of "Limbo."