P. "Mike" Palmer
18402 N. 19th Avenue, #109
Phoenix, AZ 85023
602-513-3738 (intermittent cell)
Pro Se

IN THE UNITED STATES DISTRICT COURT

IN AND FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Peter Michael Palmer, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>Glenn A. Savona, et al.,<br><br>Defendants. | CV-10-8209-PCT-JAT<br><br>**PLAINTIFF'S MOTION TO DISQUALIFY MR. THOMAS LLOYD (OPPOSING COUNSEL) AS COUNSEL FOR PRESCOTT DEFENDANTS** |

Pursuant to LRCiv 83.2(e), pro se Plaintiff moves this Court to disqualify Mr. Thomas Lloyd, Bar No. 019524, from representing Defendants City of Prescott, Savona, Murray and Keller in this matter.

This motion is timely, filed at the earliest opportunity, so there can be no prejudice to said Defendants.[1] Indeed, we are still only in the pleading stage. ("Indeed, it is hard to conceive of how, exactly, Moving Defendants could have raised their concerns with this Court any earlier." *Roosevelt Irrigation District v. Salt River Project Agricultural Improvement and Power District*, 810 F.Supp.2d 929, 984 (D. Ariz. 2011).)

#

#

---

[1] Pro se plaintiff gave notice in Plaintiff's Response to Motion to Quash (Doc. 32), FN 3 that he would be filing this motion on Wednesday, December 26. However, I came down with the sore throat/cold that is going around Phoenix and have been bedridden the past few days.

# MEMORANDUM OF POINTS AND AUTHORITIES

I. ER 3.7 "Lawyer as Witness"

It is my intent to call Mr. Lloyd as a necessary witness. Possibly as an "Expert Witness."

The entire Prescott Legal Department works in a small building of about 1500 sq. ft., which appears to be an old house, converted into an office. Given the close quarters and the small town nature of Prescott (until recently, billed as "Everybody's Hometown"), everyone there knows everyone else's business.[2] Also, Mr. Lloyd shares duties as a City Prosecutor with Defendant Savona.

I'm hesitant to tip my hand at this point. But the Court can foresee that a plaintiff might, as a minimum, want to impeach Defendant Savona's expected testimony.

Because they work closely in the same small office, I expect Mr. Lloyd has intimate knowledge from years ago (before any attorney-client privilege attached) of Defendant Savona's communications with various other Defendants when Savona brought criminal charges against me absent probable cause. If discovery so shows, then I would want to call Mr. Lloyd as a witness. (As a minimum, I want to depose him.) Who knows? It's likely Mr. Lloyd and Defendant Savona discussed my criminal case back then, before attorney-client privilege attached.

Even if Mr. Lloyd denies knowing anything, I may wish to call him as an Exert Witness (as a Prosecutor) to give the jury his professional opinion as to Defendant Savona's act against me, ethics and whether, given the same set of facts, he would prosecute without probable cause.

Since E.R. 3.7 (a) says "A lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness . . ." Mr. Lloyd must be disqualified.

II  E.R. 8.3 "Reporting Professional Misconduct"

---

[2] As the Court knows from *Riley v. City of Prescott* currently before it.

1  E.R. 8.3 says, "A lawyer who knows that another lawyer has committed a violation of the Rules of Professional Conduct that raises a substantial question as to that lawyer's honesty, trustworthiness or fitness as a lawyer in other respects, shall inform the appropriate professional authority."

If it wasn't clear in my Complaint, it should be abundantly clear now from Plaintiff's Response to Motion to Dismiss (Doc. 31) that Defendant Savona prosecuted me knowing the charge was not supported by probable cause. Defendant Savona admitted this in the police report he withheld from me at the time. (Exhibit 1, Doc. 31.)

Now, E.R. 3.8(a) says "The prosecutor in a criminal case shall: refrain from prosecuting a charge that the prosecutor knows is not supported by probable cause;"

Also, E.R. 3.8(d) says, "The prosecutor in a criminal case shall: make timely disclosure to the defense of all evidence or information known to the prosecutor that tends to negate the guilt of the accused or mitigates the effects . . . "

Therefore, Mr. Lloyd is duty bound by E.R. 8.3 to report Defendant Savona to the Arizona Bar for these violations. This further creates a conflict of interest for Mr. Lloyd.

Specifically, Mr. Lloyd's first duty and loyalty is to the Arizona Bar. But Mr. Lloyd has taken on a client whose interests are adverse to the Bar's. Thus triggering ER 1.7 "Conflict of Interest." (See General Principles [1].) Mr. Lloyd is between a rock and hard place. The Court must get him out.

Of course, if Mr. Lloyd does his duty and reports Defendant Savona to the Bar (such report which is kept confidential by the Bar until the matter is disposed), I want to know. And I want him to testify about it.

If he doesn't report Defendant Savona as required, then Mr. Lloyd has committed an ethics violation himself and should be prevented from acting as counsel in this matter, if for no other reason than he would be an unethical attorney, by definition.

While the Court might argue that Mr. Lloyd's potential lapses in ethics don't

directly affect me, since I'm not his client, it does go to the "the public's perception of the profession" which is the fourth of five points in a balancing analysis for disqualification.[3]

As to public perception: years ago, the Prescott newspaper, *The Daily Courier*, covered my story (and interviewed Mr. Lloyd) about Prescott settling with me after the Prescott police illegally seized me as a favor to Defendant Thomas-Morgan.[4] That story generated an usually high number of reader comments on the *Courier's* website, showing much public interest. Already the same reporter has been sent a copy of Plaintiff's ZAC.

It stands to reason the public will be just as interested in this David v. Goliath case as before. The public will be suspicious of the legal profession if the newspaper publishes this instant motion and the Court did not remove Mr. Lloyd.

Therefore, to ensure the public's confidence in the legal profession, the Court should act with an abundance of caution, erring on the side of prudence and disqualify Mr. Lloyd.

III    Mr. Lloyd as a Defendant

It may very well be that I will have to name Mr. Lloyd as a Defendant.

In Count Six, I am alleging a conspiracy to deprive me of my Fourth and Fourteenth Amendment right. I name Defendant Thomas-Morgan in that Count. That

---

[3] ". . . the Court must engage in a balancing test to determine whether disqualification is appropriate. . . . Courts have considered the following factors in such an analysis: (1) the nature of the ethical violation; (2) the prejudice to the parties, including the extent of actual or potential delay in the proceedings; (3) the effectiveness of counsel in light of the violations; (4) the public's perception of the profession; and (5) whether a motion to disqualify has been used as a tactical device or a means of harassment." *Roosevelt* at *984.

[4] Scott Orr, *He fought the law, and ... he won; City of Prescott settles in 4th Amendment suit*, The Daily Courier (Prescott, AZ), May 30, 2011 available at http://www.dcourier.com/main.asp?SectionID=1&SubSectionID=1086&ArticleID=94363, current as of 12/28/2012.

conspiracy may grow to include Mr. Lloyd.

For according to Defendant Thomas-Morgan's verified statement to a Yavapai County Superior Court, while this matter was under appeal in the Ninth, Mr. Lloyd, acting in his capacity of City Prosecutor for Prescott, gave Defendant Thomas-Morgan legal advice on how to prosecute me civilly. As a result, Defendant Thomas-Morgan sought and obtained an ex parte Injunction against Harassment against me.[5]

Exhibit A is Defendant Thomas-Morgan's verified statement to the Yavapai County Superior Court. She says "The City Prosecutor and the Prescott Police Dept. have recommended that I seek these Orders . . ."

Giving legal advice like this is an ethics violation in itself.[6] Possibly a terminable offense as a City employee. Mr. Lloyd knows this. For in December 2011 I personally called Mr. Lloyd. He confirmed he had a meeting with Defendant Thomas-Morgan in his office. He confirmed that giving legal advice to her would have been wrong.

In our phone call, Mr. Lloyd claimed Miss Thomas-Morgan "mischaracterized" what she swore he said. But this presents a dichotomy. Either Mr. Lloyd is lying or Miss Thomas-Morgan is lying. And since Mr. Lloyd's statements to me were not under oath, but Defendant Thomas-Morgan's to the court were, the benefit of the doubt must go to Defendant Thomas-Morgan. (Also, Defendant Thomas-Morgan insists she's a "trustworthy woman.") Moreover, if Mr. Lloyd's claim is correct, that he did not recommend to Defendant Thomas-Morgan that she seek an Injunction, then Defendant

---

[5] As this Court may remember from my First Amendment civil rights case seeking declaratory and injunctive relief (*Palmer v. Jones*, 11-CV-1896), my "crime" was exercising my First Amendment right on the Internet, blogging about the spiritual death of the former Mrs. Bodine. As I live in Phoenix and Defendant Thomas-Morgan in Prescott, we have had no contact for many, many years. (Case transferred to JAT after Judge Snow recused himself.)

[6] In fact, I received an email today about my case from a high profile attorney. His first words were, "[I am] barred from giving legal advice by the Arizona Rules of Ethics."

Thomas-Morgan lied to the court and Mr. Lloyd would be obligated, as an officer of the court, to report her perjury to the court. Which he did not do.

Even more disconcerting, Mr. Lloyd concealed some information in a public record request—arguably a Class 6 felony—where he redacted some lines in his e-mails that demonstrated his awareness of the legal advice he says he did not give. Naturally, if Mr. Lloyd is charged and/or convicted with a felony for tampering with a public record, he will not be able to act as an attorney, and will not be able to act as counsel for Defendants.

Even if he's not charged criminally, upon Defendant Thomas-Morgan's discovery, it may be that Mr. Lloyd has conspired with her to deprive me of my civil rights in this instant matter. As such, I would need to include Mr. Lloyd as a Defendant in this matter.

Or what if Defendant Thomas-Morgan lies to this Court in testimony (it happens) about something Mr. Lloyd knows is not true? Suppose she says she never met with Defendant Savona but Mr. Lloyd saw them together in the office? What are his obligations if he is counsel for the other Defendants?

Prudence dictates he be disqualified now, before any potential problems arise in the future, so that we don't have to do a "do over" with new counsel later.

IV.    ER 3.4 "Fairness to Opposing Party"

By concealing incriminating statements in his emails, Mr. Lloyd has arguably "unlawfully obstruct[ed] another party's access to evidence or unlawfully . . . concealed a document . . . having potential evidentiary value."

That wold be a violation of ER 3.4(a).

V.    ER 1.7 "Conflict of Interest"

In addition to the conflict of interest issue above, the comment titled "General Principles [1]" under ER 1.7 says, "Loyalty and independent judgment are essential elements in the lawyer's relationship to a client. Concurrent conflicts of interest can arise from . . . a third person **or from the lawyers own interests.**"

I argue that Defendant Thomas-Morgan is a "third person" influencing Mr. Lloyd's interests. And/or that Mr. Lloyd, by giving advice to Defendant Thomas-Morgan to prosecute me civilly, shows his own interest. Or that Mr. Lloyd may be interested in saving his own skin regarding his legal involvement with Defendant Thomas-Morgan and may be compromised.

Further, Comment [10] for ER 1.7, titled "Personal Interest Conflicts," says, "for example, if the probity of the lawyers own conduct in a transaction is in serious question, it may be difficult or impossible for the lawyer to give a client detached advice."

Plaintiff has given several examples already of how the probity of Mr. Lloyd's conduct is in serious question, from his unlawfully concealing material from the public record that incriminates him, to giving Defendant Thomas-Morgan legal advice, to not reporting Defendant Savona's unethical conduct to the Bar.

Again, while the Court may say these are matters for Defendants' to consider in their choice of counsel, I remind the Court of its obligation to ensure public confidence in the legal system.

VI. ER 8.4 "Misconduct"

In the main then, there is the specter that Mr. Lloyd has (a) violated the Rules of Profession Conduct; (b) may have committed a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer; (c) engaged in conduct involving dishonesty, fraud, deceit or misrepresentation and; (d) engaged in conduct that is prejudicial to the administration of justice.

These four items individually define misconduct per ER 8.4.

VII. The Four Factors for disqualification

Per *Roosevelt*, FN 47 "The Arizona Supreme Court identified the following four factors for a court to consider when ruling on a motion to disqualify counsel: '(1) whether the motion is being made for the purposes of harassing the defendant, (2) whether the party bringing the motion will be damaged in some way if the motion is

not granted, (3) whether there are any alternative solutions, or is the proposed solution the least damaging possible under the circumstances, and (4) whether the possibility of public suspicion will outweigh any benefits that might accrue due to continued representation.'"

    Taking them in order, this motion is not made for the purposes of harassing the Defendants. Plaintiff has raised bona fide concerns as to why Mr. Lloyd should be disqualified. Moreover, this motion was filed as quickly as reasonably possible after Plaintiff learned that Mr. Lloyd was representing the City of Prescott Defendants.

    Plaintiff will be damaged if he cannot call Mr. Lloyd as a witness to impeach the testimony of Defendants.

    There really is no alternative solution. This is a simple dichotomy. Either Mr. Lloyd is counsel or he's not.

    The public is always suspicious of "cover ups" especially in cases of malicious prosecution. Already the Press has positively reported about malfeasance against this Plaintiff by forces in Prescott. It would be best to mitigate future stories and suspicion by disqualifying Mr. Lloyd from representing City Defendants.

    WHEREFORE, it is in the best interest of all that the Court disqualify Mr. Thomas Lloyd from counsel in this matter now.

    A proposed Order is lodged.

SUBMITTED this 28th day of December 2012

By: *[signature]*
P. Michael Palmer
18402 N. 19th Ave., #109
Phoenix, AZ 85023
602-513-3738

**Certificate of Service:**

A copy of the foregoing mailed under protest this day to:

Mr. Thomas Lloyd
Prescott Legal Department
221 S. Court Street
Prescott, AZ 86303

# EXHIBIT A



| All Courts in Arizona/NCIC#/DPS# | Address | City, Arizona Zip Code | Telephone Number |
|---|---|---|---|
| Melody Thomas-Morgan<br>**Plaintiff / Plaintiff Employer**<br>(Work Injunction ONLY)<br>Birth Date: 6-24-60<br><br>Agent's Name<br>(Work Injunction ONLY) | Palmer, Peter Michael<br>**Defendant**<br><br>Address<br><br>City, State, Zip Code, Phone | Case No. _____<br><br>**PETITION for**<br>[ ] Order of Protection<br>[X] Injunction Against Harassment<br>[ ] Workplace Injunction |

**DIRECTIONS: Please read the Plaintiff's Guide Sheet before filling out this form.**

1. Defendant/Plaintiff Relationship: [ ] Married now or in the past  [ ] Live together now or lived together in the past  [ ] Child in common  [ ] One of us pregnant by the other  [ ] Related (Parent, In-law, Brother, Sister, Grandparent)  [ ] Romantic or sexual relationship (current or previous),  [ ] Dating but not a romantic or sexual relationship
[X] Other: He is my ex-husband's spiritual mentor/friend/?

2. [ ] If checked, there is a pending action involving maternity, paternity, annulment, legal separation, dissolution, custody, parenting time or support in _____ Superior Court.
Case #: _____          (COUNTY)

3. Have you or the Defendant been charged or arrested for domestic violence OR requested a Protective Order?
[ ] Yes [ ] No [ ] Not sure
If yes or not sure, explain: I requested and received Injunction Against Harassment in the past against Mr. Palmer. Those Orders were granted and upheld by 4 judges.

4. I need a Court Order because: (PRINT both the date(s) and briefly what happened):

| Date(s) | Describe what happened (Attach additional paper if necessary — Do not write on back) |
|---|---|
| | 1. Please see attached sheet. |
| | 2. The City Prosecutor and the Prescott Police Dpt have recommended that I seek these Orders because of the on-going nature of Mr. Palmer's harassment (esp. w/regards to my "death") |

Effective: September 30, 2009        Page 1 of 2        Adopted by Administrative Directive No. 2009-26