PRESCOTT LEGAL DEPARTMENT
221 S. Cortez Street
Prescott, Arizona 86303
(928) 777-1288

By: THOMAS A. LLOYD
Az. State Bar No.: 019524
E-Mail: thomas.lloyd@prescott-az.gov

*Attorney for Defendants City of Prescott,
Glenn A. Savona, Dan Murray, and Christine Keller*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Peter Michael Palmer, an individual, | Case No. CV-10-8209-PCT |
| Plaintiff, | |
| vs. | |
| Glenn A. Savona, individually and in his official capacity as Prescott City Prosecutor & Jane Doe Savona, husband & wife; Dan Murray individually and in his capacity as City of Prescott police department employee & Jane Doe Murray, husband & wife; Christine Keller, individually and in her official capacity as City of Prescott police department employee & Joseph Keller, wife & husband; Melody Thomas-Morgan (f.k.a. Melody Bodine), an individual; Mark M. Moore & Jane Doe Moore, husband & wife; City of Prescott, an Arizona municipal corporation; and John & Jane Does I-X, | **DEFENDANT SAVONA'S REPLY TO RESPONSE TO MOTION TO DISMISS AND QUASH SERVICE** |
| Defendants. | |

Pursuant to L.R. Civ. 7.1 and Fed. R. Civ. P.12(b)(1) and (b)(5) Defendant Glenn A. Savona submits the following Reply to Response to Motion to Dismiss and Quash Service.

**MEMORANDUM OF POINTS AND AUTHORITIES**

The Court's order for service explicitly stated it was to be served 30 days from the date of the order, October 24, thus requiring service by November 23, 2012. Nothing in the Court's order

gave the Plaintiff three additional days to accomplish service, as he contends. The 3 days of time added under Rule 6(d) does not apply to the order because the Federal Rules of Civil Procedure for computation only "apply in computing any time period <u>specified in these rules</u>." Rule 6(a). Because <u>the Court's own order</u> specified the time for service and the time for service <u>was not</u> specified in the Federal Rules, those rules do not apply to the calculation of time and the three days allowed under Rule 6(d), and 5(b)(2)(C) are not to be added to the time set for service. For this same reason, the 30 days allowed for service does not extend to the following Monday under Rule 6(1)(C) as Plaintiff contends. Thus, service had to be made by November 23.

Accordingly, the late service on Savona violated the Court's order, was ineffective, and deprives the Court of jurisdiction. *Hickory Travel Systems, Inc. v. TUI AG*, 213 F.R.D. 547, 551 - 552 (N.D.Cal. 2003) ( "A party must be properly served for the Court to obtain personal jurisdiction over that party."); and cases previously cited in Defendant's Motion to Dismiss.

**Burden to Show Proper Service**

Plaintiff's explanations do not meet his burden of showing such proper service, either personally on Savona or at his place of abode. "If the sufficiency of service is challenged, 'the party on whose behalf service was made . . . has the burden to establish its validity.'" *Id.* (citation omitted); *see also Saez Rivera v. Nissan Mfg. Co.*, 788 F.2d 819, 821 (1st Cir. 1986); *see also Cox v. Quigley*, 141 F.R.D. 222 (D. Me. 1992) (plaintiff's burden to show that address at which copies of summons and complaint were left was defendant's dwelling house or usual place of abode). Because the attempted service on Savona individually was only attempted on employees at his place of employment, the attempted service on his coworkers would not have been effective, and would not meet his burden to show even an attempt at proper service. Additionally, in opposing the motion to dismiss under Rule 12(b)(5), Plaintiff has the burden to show good cause

demonstrating why service was not made within the time required for service. *Nafziger v. McDermott Intern., Inc.*, 467 F.3d 514 (6th Cir. 2006).

**No Good Cause or Excusable Neglect**

Because none of the explanations Plaintiff offers meet his burden to show proper service or good cause to extend the time to effect service, Defendant's motion to dismiss should be granted. *See Martin v. Coca-Cola Co.*, 785 F.Supp 3 (D.D.C. 1992) (motion to dismiss for improper service granted); *Betlyon v. Shy*, 573 F.Supp. 1402, 1405 (D.C.Del. 1983) (same).

Rather than showing good cause to excuse the untimely service on Savona, Plaintiff demonstrates only his intentional delay in accomplishing service. This is shown on the face of the return of service, which bears the process server's notation that he only received the summons on November 21, and that service was <u>first attempted</u> that day, the day before the Thanksgiving holiday and only two days before the last day allowed by the Court's order for service. Moreover, in Plaintiff's brief in the Court of Appeals he states: "[T]here are advantages for a litigant – especially a pro se litigant – to delay service on defendants until the last possible moment." Plaintiff's appeal brief[1], p. 8. His explanation for delaying – that defendants "clam-up" – is unpersuasive because adequate discovery tools and court sanction powers exist for him to obtain information from adverse parties. Thus, Plaintiff intentionally delays service, contradicting any claim that the delay in serving Savona resulted from excusable neglect, or that good cause exists which might otherwise warrant an extension of the time for service. Because this is the second time Plaintiff has had an opportunity to make proper service but has failed to do so, in its discretions the court should also not grant a further extension. *Efaw v. Williams*, 473 F.3d. 1038 (9th Cir. 2007) (district court abused discretion in granting an extension for service of process).

---

[1] Palmer v. Savona, No. 11-15486, Ninth Circuit Court of Appeals.

The attempted service on Savona's fellow employees at his place of employment is irrelevant and does not show good cause to extend the time for service because such service never would have been effective. Service on these employees would not have been effective because they were not agents, as Plaintiff appears to imply, on whom service could be made and they were never authorized nor requested to waive service under Fed R. Civ. P. 4(d), something Plaintiff does not contend he attempted. *Betlyon*, 573 F.Supp. at 1405 (secretaries at office of defendant sued individually were not authorized agents on whom service could be made); *Martin v. Coca-Cola Co.*, 785 F.Supp. 3 (D.D.C. 1992) (leaving copies at office of defendants sued in individual capacities not sufficient service); *cf. Robinson v. Turner*, 886 F. Supp 1451 at 1455 (S.D. Ind. 1995) (prison mailroom employees were authorized under Indiana Rules and prison procedures to accept service by mail receipt for defendant prison guards; "Without authorization to receive [service] by certified mail, courts cannot be assured that the certified mail would be delivered."). Moreover, counsel for Savona avows that Savona has never and would not authorize fellow employees to act as his agents to accept service on him. Because Savona was named individually and had to be served pursuant to Rule 4(e), this case is unlike the proper service that was made in *Direct Mail Specialists, Inc. v. Eclat Computerized Technologies, Inc.* 840 F.2d 685, 688 (9th Cir. 1988), cited by Plaintiff, in which service was properly made <u>on a corporation</u>. In *Direct Mail* proper service was made pursuant to Rule 4(d)(3) (now 4(h)) "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process." Additionally, any "thwarting" of service by the fellow employees, as Plaintiff alleges here, is irrelevant because even if the process server had left copies of the summons and complaint at Savona's work while he was vacationing, this would not satisfy the requirement that an individual defendant be served personally or at least at some place at which they were regularly present, such as a residence.

*Betlyon*, at 1405 (complaint served on employee's supervisor while employee vacationing). The unsupported accusation leveled at the other City employees is merely an attempt to distract from Plaintiff's own failure and intentional delay in attempting to make proper, timely service. Rather than being thwarted by any City employees, Plaintiff instead was simply ill-served by his lack of diligence in waiting until the two days before the last day to accomplish service, on the chance that Savona would be available for service within that short time. Because service at Savona's office or on the fellow employees would not have been effective, Plaintiff's unsupported accusation that the other City employees "thwarted" service, and Plaintiff's own intentional delay in service, demonstrate that he has failed to meet his burden to show excusable neglect in the failure to make proper, timely service.

Plaintiff also contends that the late service should be effective because Savona should have had actual notice because of the proper service on Murray and Keller. But actual knowledge of a lawsuit is insufficient to confer personal jurisdiction over a defendant in the absence of valid service; "it is well recognized that a 'defendant's actual notice of the litigation ... is insufficient to satisfy Rule 4's requirements.'" *Mid-Continent Wood Products, Inc. v. Harris*, 936 F.2d 297, 301 (7th Cir. 1991), *quoting Way v. Mueller Brass Company,* 840 F.2d 303, 306 (5th Cir.1988); *and citing Sieg v. Karnes,* 693 F.2d 803, 807 (8th Cir.1982). Dismissal is also proper because the lack of prejudice to the defendants in conjunction with actual notice, as Plaintiff argues, are not sufficient to overcome his lack of diligence and failure to show good cause for his failure to make proper, timely service. "Neither actual notice nor absence of prejudice to the defendant provides an adequate basis for excusing noncompliance with Rule 4(m), unless plaintiff has diligently attempted to complete service." *Mused v. U.S. Dept. of Agriculture Food and Nutrition Service,* 169 F.R.D. 28, 34 (W.D.N.Y. 1996). Thus, these arguments are not sufficient to extend the time for service and a dismissal is proper. *Id.*

Plaintiff also contends that because he could not have served a complaint while there was "no lawsuit in play," apparently meaning during the pending appeal, that this gave him "good cause" for the delay in serving the Zeroeth Amended Complaint. Plaintiff mistakenly appears to argue that he could not serve and file the Zeroeth Amended Complaint after he filed his notice of appeal on February 25, 2011, or while his appeal was pending. First, Plaintiff properly could have amended his complaint with the Zeroeth Amended Complaint any time during the pending appeal, and long before he actually filed such complaint on October 2012. *See Dunn v. Trans World Airlines, Inc.*, 589 F.2d 408, 413 (9th Cir. 1978) ("Under Rule 15(b), which permits amendments to be made to pleadings to conform to the evidence adduced at trial, an amendment may be made at any time on the motion of any party, even at the appellate level."), *citing* 3 Moore's Federal Practice, P 15.13(2) (1974). Plaintiff's desire to amend his complaint, and his delay in doing so, however, is not good cause to delay making service of either the original complaint or an amended complaint within the time allowed for service. *Wei v. State of Hawaii*, 763 F.2d 370 (9th Cir. 1985). Thus, Plaintiff's apparent explanation that he could not serve an amended complaint during the appeal period from February 2010 until he actually amended his complaint nearly two years later in October 2012, also is not good cause for the untimely, improper service on Savona. This failure to show good cause for the failure to make timely service mandates dismissal under Rule 4(m). *Id.* (dismissal proper).

Because this is the second 30-day period in which the Plaintiff has failed to accomplish service as the Court ordered, and he has actually intentionally delayed attempting service from the inception of the case in 2010, he has failed to show good cause to excuse such delay and further extend the time for service. *See Tucker v. Thomas*, 853 F.Supp.2d 576, 596 (N.D.W.Va. 2012) (plaintiff did not show good cause to extend the time for service, especially where plaintiff had already received 90-day extension of time to serve defendants). Accordingly, the Court should not

further extend the time for service for what would be a third complaint, and Defendant's motion to quash and dismiss the action should be granted. *Id.*; *see also Efaw, supra* (motion to dismiss granted because no good cause to extend time for service).

RESPECTFULLY SUBMITTED this 7th day of January, 2013.

CITY OF PRESCOTT LEGAL DEPARTMENT

By s/Thomas A. Lloyd
THOMAS A. LLOYD
 Assistant City Attorney
City of Prescott Legal Department
221 S. Cortez Street
Prescott, AZ  86303
*Attorney for Defendants City of Prescott,
Glenn A. Savona, Dan Murray, and Christine Keller*

I hereby certify that on the 7th day of January, 2012, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing.

I hereby certify that on January 7, 2013, I served the attached document by U.S. Mail on the following:

Honorable James A. Teilborg
U.S. District Judge
401 W. Washington Street
 Suite 523, Space 51
Phoenix, AZ  85003-2158

P. "Mike" Palmer
18402 N. 19th Avenue #109
Phoenix, AZ  85023
Pro Se

s/Debby Johnston