PRESCOTT LEGAL DEPARTMENT
221 S. Cortez Street
Prescott, Arizona 86303
(928) 777-1288

By: THOMAS A. LLOYD
Az. State Bar No.: 019524
E-Mail: thomas.lloyd@prescott-az.gov

*Attorney for Defendants City of Prescott, Glenn A. Savona, Dan Murray, and Christine Keller*

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Peter Michael Palmer, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>Glenn A. Savona, individually and in his official capacity as Prescott City Prosecutor & Jane Doe Savona, husband & wife; Dan Murray individually and in his capacity as City of Prescott police department employee & Jane Doe Murray, husband & wife; Christine Keller, individually and in her official capacity as City of Prescott police department employee & Joseph Keller, wife & husband; Melody Thomas-Morgan (f.k.a. Melody Bodine), an individual; Mark M. Moore & Jane Doe Moore, husband & wife; City of Prescott, an Arizona municipal corporation; and John & Jane Does I-X,<br><br>Defendants. | Case No. CV-10-8209-PCT-JAT<br><br>**PRESCOTT DEFENDANTS' SECOND MOTION TO DISMISS PLAINTIFF'S "FIRST AMENDED COMPLAINT" AND MEMORANDUM OF POINTS AND AUTHORITIES** |

Pursuant to F. R. Civ. P. 12(b)(6), Defendants City of Prescott, Glenn Savona, Dan Murray, and Christine Keller move for an order dismissing the Plaintiff's claims for failure of the "First Amended Complaint" to state claims upon which relief can be granted on the grounds as stated below. Claims dismissed as to these Defendants should also be dismissed as to the spouses. The Defendants submit the following memorandum of points and authorities in support of this motion:

City of Prescott Legal Department
221 S. Cortez Street
Prescott,, Arizona 86303

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. FACTS AND BACKGROUND

After filing two prior complaints, Plaintiff has now filed a "First Amended Complaint," alleging thirteen claims against the Defendants and their respective spouses.

The current complaint generally makes allegations regarding Dan Murray's investigation of a report by Defendant Melody Bodine (now Thomas-Morgan) that Plaintiff faxed documents to her in violation of an injunction against harassment that Thomas-Morgan obtained against the Plaintiff; Murray is a City civilian employee. Doc. 38, ¶¶ 36-37; Doc. 39, Ex. 3. Other allegations recite Defendant Savona's role as a Prescott City prosecutor initiating, prosecuting and allegedly writing a criminal complaint against the Plaintiff, including his declination of a second prosecution for a similar offense in violation of A.R.S. §13-2810(A)(2)[1] (interfering with a judicial proceeding). Doc. 38, ¶¶ 3, 8, 9, 62 - 68. Finally, allegations against Defendant Keller describe her signing and swearing out the criminal complaint against Plaintiff. Doc. 38, ¶¶ 8, 16 and 62.

### II. DISCUSSION

#### A. The Court May Consider the Records of the Criminal Prosecution Against Plaintiff Without Converting the Motion to Dismiss to One for Summary Judgment.

For the same reasons stated in Defendants' first Motion to Dismiss, Doc. 29, the Court may consider the court records of the criminal prosecution against Plaintiff, the court injunction against the Plaintiff, and the Court may take judicial notice of those documents without converting this motion to dismiss into a motion for summary judgment. *See Five Points Hotel P'ship v. Pinsonneault*, 835 F.Supp.2d 753, 757 (D. Ariz. 2011); *Alvarado v. KOB-TV, L.L.C*, 493 F.3d 1210, 1215 -1216 (10th Cir. 2007).

---

[1] A.R.S. § 13-2810(A)(2) states: "A person commits interfering with judicial proceedings if such person knowingly: . . [d]isobeys or resists the lawful order, process or other mandate of a court[.]"

Certified copies of relevant documents in the criminal case against the Plaintiff are attached as Exhibits 1and 4; uncertified copies are attached as Exhibit 2. The criminal complaint against the Plaintiff was signed and filed on March 19, 2009, and the case was dismissed on October 30, 2009. Only a summons was issued and mailed to Plaintiff on March 20, 2009. Ex. 1; *cf.* Doc. 38, ¶ 68. The records do not show that a warrant was issued. Murray's allegedly exculpatory police report was generated sometime between April 16 and 20, 2009. Thomas-Morgan's injunction against the Plaintiff is attached as Exhibit 3. *See also* Doc. 29 and 39, and exhibits thereto.

**B. Plaintiff Fails to State a Claim for Malicious Prosecution (Count 1).**

Plaintiff has clarified this claim as a state common-law claim and not a §1983 malicious prosecution claim. The first basis alleged for this claim is that Murray and Keller falsely reported and signed a criminal complaint that Plaintiff had "knowingly interfered with a judicial proceeding," by faxing documents to Thomas-Morgan in violation of an injunction against harassment, and that Savona charged Plaintiff with that offense without probable cause because Savona did not have evidence of the Plaintiff's *mens rea*, *i.e.*, that Plaintiff did not know it was a crime to fax the documents. Therefore, Plaintiff claims, he did not know that he would be prosecuted and did not "knowingly" commit the offense. The sole factual basis for the alleged lack of probable cause is Savona's statement in Murray's report that "The [second] complaint [for sending a fax] was denied because the defendant had not been served with the previous complaint by the time of the second action. Defendant knows now the state will prosecute for a violation in the future." Doc. 38, ¶¶ 90 – 92, 117; Doc. 31, Ex. 1 (Murray's report). Plaintiff further alleges that to show probable cause Savona had to have Plaintiff's own statement that he knew that faxing documents was an offense and that he was violating the injunction. Doc. 38, ¶ 117(b)(1) and (2).

The elements of common-law malicious prosecution based on a criminal prosecution "are: (1) a criminal prosecution, (2) that terminates in favor of the plaintiff, (3) with the defendants as

City of Prescott Legal Department
221 S. Cortez Street
Prescott,, Arizona 86303

City of Prescott Legal Department
221 S. Cortez Street
Prescott,, Arizona 86303

prosecutors, (4) actuated by malice, (5) without probable cause, and (6) causing damages." *Slade v. City of Phoenix*, 112 Ariz. 298, 300, 541 P.2d 550, 552 (1975). "In criminal cases, probable cause to initiate an action exists only if the prosecutor believes that an accused is guilty. . . . A certainty of success is not required." *Smith v. Lucia*, 173 Ariz. 290, 294, 842 P.2d 1303, 1307 (App. 1992), citing *Bradshaw v. State Farm Mut. Auto. Ins. Co.,* 157 Ariz. 411, 417, 418, 758 P.2d 1313, 1319, 1320 (1988); *see also Chalpin v. Snyder*, 220 Ariz. 413, 419, 207 P.3d 666, 672 (App. 2008). "[P]robable cause is always a question of law to be determined by the court." *Smith*, 173 at 295, 842 P.2d at1308; *Chalpin, supra.*

"Probable cause to arrest exists when officers have knowledge or reasonably trustworthy information sufficient to lead a person of reasonable caution to believe that an offense has been or is being committed by the person being arrested." *U. S. v . Lopez*, 482 F.3d 1067, 1072 (9th Cir. 2007) (quoted in *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011); *see also Barry v. Fowler,* 902 F.2d 770, 773 (9th Cir. 1990) ("Probable cause . . . arises when the facts and circumstances within the officer's knowledge are sufficient to warrant a prudent person to believe that the suspect has committed ... an offense.") (quoted in *Crowe v. County of San Diego*, 608 F.3d 406, 432-433 (9th Cir. 2010) (probable cause for warrantless arrest)).

The injunction against harassment plainly states: "[X] NO CONTACT. Defendant shall have no contact with Plaintiff <u>except</u> through attorneys, legal process, and as checked: [ ] Phone [ ] Email/Fax [ ] Mail [ ] Other _____." Doc. 39, Ex. 3. Because none of the exceptions to the general no contact provision are checked, the injunction prohibits contact by any of the excepted means. Thus, probable cause that Plaintiff <u>knowingly faxed documents or caused them to be faxed</u> existed when Murray had the injunction prohibiting Plaintiff from faxing documents and he had Thomas-Morgan's report that Plaintiff faxed documents to her in violation of the injunction. Doc 38, ¶¶ 55 – 57. *See Evans v. City of New York*, 308 F. Supp.2d 316 (S.D.N.Y. 2004) (prosecutor had

City of Prescott Legal Department
221 S. Cortez Street
Prescott,, Arizona 86303

probable cause from DMV document showing that plaintiff's driver's license was suspended, and that he was arrested while driving); *Conner v. Heiman*, 672 F.3d 1126, 1133, fn.3 (9th Cir. 2012) (Fourth Amendment arrest claim, summary judgment for officers who could reasonably conclude that suspect who passed counterfeit note had the requisite knowledge and *mens rea*). Plaintiff's own pleadings admit that he faxed documents, that he did so "knowingly" AND that he knew that this could be a violation. He alleges he "was concerned Mrs. Bodine would similarly contact the police claiming I violated the . . . injunction . . . . [T]o make doubly sure I wasn't violating the injunction, I contacted an attorney. . . I explained my fear that Mrs. Bodine would [report] I had violated the Injunction." Doc. 38, ¶¶ 49 & 50. He does not assert that this was inadvertent. Doc. 38, ¶¶ 49 – 51. *State v. Jensen*, 217 Ariz. 345, 351, 173 P.3d 1046, 1052 (App. 2008) (inadvertent acts lack the necessary criminal *mens rea*).

Additionally, the mere allegation of the fact that the prosecution against him was dismissed does not mean that it lacked probable cause. *Freeman v. City of Santa Ana*, 68 F.3d 1180, 1189 (9th Cir. 1995) ("The mere fact a prosecution was unsuccessful does not mean it was not supported by probable cause."); *Evans*, *supra*, at 330 ("The fact that the [prosecutor] thereafter chose not to pursue the prosecution did not negate the probable cause that had existed[]" sufficient to support a malicious prosecution claim alleging lack of such probable cause.).

Plaintiff's allegation that he lacked the necessary *mens rea* confuses the concept of "knowingly" committing the acts that are the elements of the offense with "knowing" whether his acts violated the injunction and he would be prosecuted. Savona's statement in Murray's report that the "Defendant knows now the state will prosecute" does not negate probable cause and is irrelevant to a lack of probable cause and the *mens rea* element of "knowingly" committing the elements of the offense. The *mens rea* requirement of "knowingly" applies only to the acts that are the elements of the offense. *See U.S. v. X-Citement Video, Inc.*, 513 U.S. 64, 72, 115 S.Ct. 464, 469 (1994) ("the

City of Prescott Legal Department
221 S. Cortez Street
Prescott., Arizona 86303

standard presumption in favor of a scienter requirement should apply to each of the statutory elements that criminalize otherwise innocent conduct"). The *mens rea* element of "'knowingly' means with respect to conduct or to a circumstance described by a statute defining an offense, that a person is aware or believes that the person's conduct is of that nature or that the circumstances exist constituting an offense. It does not require any knowledge of the unlawfulness of the act or omission." A.R.S. § 13-105(10)(b) (defining "knowingly"); A.R.S. § 13–204(B) ("Ignorance or mistake as to a matter of law does not relieve a person of criminal responsibility."). In other words, the element of "knowingly" means that the defendant knowingly committed the acts, as opposed to inadvertently causing a result, or knowing whether his acts were against the law or that he would be prosecuted, as Plaintiff contends. *Jensen*, 217 Ariz. at 351, 173 P.3d at 1052 (defendant's inadvertent acts that result in an ostensible crime lack the necessary *mens rea*; acts must be performed knowingly to satisfy *mens rea*). Because this is all that is required for probable cause, and Plaintiff repeatedly admits that he faxed documents, this satisfied the criminal *mens rea* element of "knowingly" faxing a document, and probable cause existed. *See Caldwell v. Green*, 451 F. Supp.2d 811 (W.D. Va. 2006) (officer's belief of information regarding drug sale was reasonable, despite informant's misidentification of suspect; probable cause existed to initiate prosecution).

Ignorance or lack of knowledge that one's conduct violated the law, which Plaintiff alleges as his lack of *mens rea* to support his allegation of lack of probable cause, is not a defense to criminal liability for a defendant who claims that he lacked the knowledge that what he did violated the law. *State v. Morse*, 127 Ariz. 25, 31, 617 P.2d 1141, 1147 (1980), citing A.R.S. § 13–204(B). Thus, "knowingly" committing an offense does not require "any knowledge of the unlawfulness of the act or omission," and Plaintiff's claimed ignorance of the law that he was prohibited from faxing documents or that he didn't know he would be prosecuted is irrelevant and does not negate probable cause. A.R.S. § 13-105(10)(b). Because Plaintiff's only basis for the lack of probable cause, that he

lacked the requisite *mens rea*, fails and he can never sufficiently allege and cannot prove any set of facts in support of a malicious prosecution claim based on a lack of probable cause, this claim should be dismissed. *See Karam v. City of Burbank*, 352 F.3d 1188, 1192 (9th Cir. 2003).

Additionally, because Plaintiff does not allege any facts showing malice, or facts upon which it can be inferred, a necessary element of malicious prosecution, he fails to state a claim. Doc. 38, ¶117, c. and d.; *cf.* Doc. 38 ¶ 49 (Bodine's maliciousness). Beyond restating that probable cause was lacking and that exculpatory evidence was not disclosed, Plaintiff pleads no facts showing malice. Indeed, he fails to even use the word "malice" and only alleges in a conclusory and circular manner that the acts were done in "bad faith" because probable cause was lacking. But because "neither lack of probable cause nor the mere failure to act as a reasonably prudent man under the circumstances in instituting the prosecution is the same thing as malice," in the absence of any other factual allegation of malice, a plaintiff's malicious prosecution claim based only on the alleged absence of probable cause is subject to dismissal under rule 12(b)(6). *Caldwell v. Green*, 451 F.Supp. 2d 811, 818 (W.D. Va. 2006) (quoting *Freezer v. Miller*, 163 Va. 180, 203, 176 S.E. 159, 168 (1934)); *see also Thompson v. Paul,* 402 F.Supp.2d 1110, 1116 (D. Ariz. 2005) (in the absence of alleged facts showing a lack of probable cause the mere conclusory allegation that "no reasonable person would have believed Defendant's claim was meritorious" was insufficient and failed to state a claim under Rule 12(b)(6) for "wrongful institution of a civil proceeding"). Thus, Plaintiff's circular allegation that malice existed because probable cause was lacking is insufficient. Finally, the allegation that the acts were to "vex, annoy or wrong" him do not allege actual malice and are insufficient, conclusory allegations under *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937 (2009), and *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955 (2007).

City of Prescott Legal Department
221 S. Cortez Street
Prescott., Arizona 86303

Finally, Plaintiff alleges that "absent a statement from [him], . . . Murray cannot report as fact that [Plaintiff] knowingly interfered with judicial proceedings." Doc. 38, ¶ 117 (b)(2). The absence of a defendant's direct admission, however, does not show a lack of probable cause. The Defendants know of no legal authority requiring an admission from a defendant that he knew his acts violated a criminal statute to establish probable cause.

It is unclear whether another basis for the malicious prosecution claim is that Savona withheld Murray's allegedly exculpatory police report containing Savona's statement about Plaintiff's knowledge that he would be prosecuted. As a prosecutor, however, (Doc. 38, ¶¶ 8-10), Savona is also immune from an alleged failure to disclose exculpatory evidence. The disclosure of evidence is "an exercise of the prosecutorial function and entitles the prosecutor to absolute immunity from a civil suit for damages." *Broam v. Bogan*, 320 F.3d 1023, 1030 (9th Cir. 2003) (citation omitted), citing 4th, 5th, 6th, 9th and 11th Circuit cases. This allegation of a failure to disclose evidence is also more fully discussed in the arguments addressing Plaintiff's Fourteenth Amendment due process claim for failing to disclose alleged *Brady* material, Count 6.

For these reasons, Plaintiff fails to state a claim for malicious prosecution.

### C. Plaintiff Fails to State a Claim Under 42 U.S.C. § 1983 – Deprivation of Fourth Amendment (Count 2).

Plaintiff claims that a Fourth Amendment seizure occurred and he was "continuously [seized] for more than five months" because a summons was issued ordering him to appear under threat of "conventional arrest," all without probable cause. Doc. 38, ¶¶ 119 and 120. He does not allege that he was "arrested" by being taken into custody, detained, or jailed, or that any of his conditions of release, other than the prohibition against possessing weapons, was an unreasonable seizure. Because probable cause existed and Plaintiff was never "seized" as contemplated by the Fourth Amendment, he has not stated a claim.

City of Prescott Legal Department
221 S. Cortez Street
Prescott,, Arizona 86303

City of Prescott Legal Department
221 S. Cortez Street
Prescott,, Arizona 86303

"'Under the Fourth Amendment, a warrantless arrest requires probable cause.' . . . 'Probable cause to arrest exists when officers have knowledge or reasonably trustworthy information sufficient to lead a person of reasonable caution to believe that an offense has been or is being committed by the person being arrested.'" *Fayer*, 649 F.3d at 1064 (citations omitted). For the same reasons that probable cause existed under Plaintiff's common law malicious prosecutions claim, probable cause also existed for Fourth Amendment "seizure" purposes.

The records of the criminal prosecution against the Plaintiff also disclose, however, that no seizure for Fourth Amendment purposes occurred because only a summons was issued, that Plaintiff remained released, subject to limited pretrial conditions, and when he did appear he was ordered to appear at future proceedings and was only warned that a warrant would be issued if he failed to do so. Doc. 29, Ex. 1, 3/19/2009, summons; and Court minute entries 5/21, 6/23, and 6/25/2009. A summons merely "summons(s) the defendant to appear at a stated date, time and place, within 30 days," and a subsequent warrant for arrest or seizure may occur only after a failure to so report. Ariz. R. Crim. P. 3.2(b); *cf.*, Ariz. R. Crim. P. 3.2(a) (a warrant "command(s) <u>that the defendant be arrested and brought before the issuing magistrate</u>").

No Fourth Amendment seizure occurs if a plaintiff is not arrested or detained but merely summoned to appear and attend court hearings in a criminal prosecution, with only limited pretrial restrictions, as occurred here. *Bielanski v. County of Kane*, 550 F.3d 632, 639 – 640 (7th Cir. 2008). "In order to make out a claim under Section 1983 for an unreasonable seizure in violation of the Fourth Amendment, a plaintiff must allege, of course, that the defendants' conduct constituted a seizure, and that the seizure was unreasonable." *Id.*, at *637*. The court in *Bielanski* said:

> The Supreme Court "adhere[s] to the view that a person is 'seized' only when, by means of physical force or a show of authority, his freedom of movement is restrained." <u>No court has held that a summons alone constitutes a seizure, and we conclude that a summons alone does not equal a seizure for Fourth Amendment purposes.</u> To hold otherwise would transform every traffic ticket and jury summons into a potential Section 1983 claim. . . . "[I]f the concept of a seizure is regarded as elastic enough to encompass

City of Prescott Legal Department
221 S. Cortez Street
Prescott,, Arizona 86303

> standard conditions of pretrial release, virtually every criminal defendant will be deemed to be seized pending the resolution of the charges against him."

550 F.3d at 642 – 643 (emphasis added, citations omitted). Thus, the court in *Bielanski* held that a summons with release conditions imposing travel restrictions and requiring an interview with a probation officer were not sufficiently onerous and were "insufficient restraints on freedom of movement to constitute a seizure" under the Fourth Amendment and did not state a § 1983 claim. 550 F.3d at 642, and cases cited therein from the 1st, 4th, 6th, 10th and 11th circuits, including *Karam v. City of Burbank,* 352 F.3d 1188, 1193–94 (9th Cir. 2003) (no Fourth Amendment seizure upon issuance of summons requiring court appearances and *de minimis* restrictions requiring court permission to leave state). The Second Circuit Court of Appeals also recently said that it was "joining a consensus of appellate courts in holding that a pre-arraignment, non-felony summons requiring no more than a later court appearance does not constitute a Fourth Amendment seizure." *Burg v. Gosselin*, 591 F.3d 95, 101 (2d Cir. 2010), *citing Martinez v. Carr*, 479 F.3d 1292, 1299 (10th Cir. 2007) ("the issuance of a citation, even under threat of jail if not accepted, does not rise to the level of a Fourth Amendment seizure").

Plaintiff has not alleged any conditions more restrictive than those imposed in *Bielanski* or *Karam*, in which no Fourth Amendment seizures occurred. No travel restrictions were imposed on Plaintiff, as there were in *Bielanski* and *Karam*. Moreover, the *Karam* court also said that "even if a seizure under the Fourth Amendment conceivably could occur as a result of some combination of pretrial release restrictions, no such seizure occurred here," essentially rejecting Plaintiff's allegation that a hypothetical seizure ("under threat of conventional arrest") if he failed to appear, is a Fourth Amendment seizure. *See also Martinez*, *supra*. Because Plaintiff has not alleged a Fourth Amendment seizure, this claim is subject to dismissal. *Bielanski.*

**D. Plaintiff Fails to State a Claim for Abuse of Process (Count 3).**

Although this claim is denominated a "state claim," Plaintiff parrots the same allegations

City of Prescott Legal Department
221 S. Cortez Street
Prescott,, Arizona 86303

of a lack of probable cause as he does in his malicious prosecution and other claims. This recast abuse of process claim should also be dismissed.

The state common law action for abuse of process has been described as follows:

> The gist of the tort of abuse of process is misusing process justified in itself for an end other than that which it was designed to accomplish. "It is an act done under the authority of the court for the purpose of perpetrating an injustice, i.e., a perversion of the judicial process to the accomplishment of an improper purpose." The essential elements of the tort are first, an ulterior purpose, and second, a wilful act in the use of the process not in the regular conduct of the proceeding.

*Rondelli v. Pima County,* 120 Ariz. 483, 489, 586 P.2d 1295, 1301 (App. 1978) (citation omitted, emphasis added). "A 'willful act' [for abuse of process] requires something more than defendants 'carry[ing] out the process to its authorized conclusion, even though with bad intentions." *Thompson v. Paul*, 402 F.Supp.2d 1110, 1115 (D. Ariz. 2005). In *Thompson* the Plaintiff did not allege a willful act in furtherance of an alleged purpose other than exhausting Plaintiff's financial resources; the filing of contempt actions only constituted "a use of the process itself." Thus, Plaintiff's allegation, that the Defendants committed "fraud" because they did not have probable cause to file a complaint is nothing more than carrying out the criminal process and is insufficient.

Plaintiff also fails to allege a single specific fact that is plausibly a "willful act" undertaken for an ulterior or "improper purpose," other than the simple "use of the process itself." These conclusory allegations are deficient under *Iqbal* and *Twombly*. The sole allegation of "fraud" (Doc. 38, ¶ 120) (apparently the alleged false representation that he knowingly committed the offense) does not show a lack of probable cause for the reasons already stated above, and is insufficient to support an abuse of process claim. For these reasons, this claim is subject to dismissal under Rule 12(b)(6). *See Thompson, supra.*

**E. Plaintiff Fails to State a Claim for Fifth Amendment Due Process (Count 4).**

This claim is also based on the alleged lack of probable cause. For the same reason that probable cause existed for the other claims, probable cause also existed to initiate the prosecution

City of Prescott Legal Department
221 S. Cortez Street
Prescott,, Arizona 86303

against Plaintiff and to have the summons issued. Accordingly, this claim is subject to dismissal.

**F. Plaintiff Fails to State a § 1983, Fourteenth Amendment Claim Based on the Alleged Lack of Probable Cause (Count 5)**

Plaintiff's Fourteenth Amendment claim based on the "lack of due process" is barred by *Albright v Oliver* 510 U.S 266, 114 S.Ct. 807, 810 (1994). In *Albright* the plaintiff also brought a § 1983 claim based on "substantive due process under the Fourteenth Amendment . . . - to be free from prosecution without probable cause." Albright's § 1983 claim was dismissed for failing to state a claim under Rule 12(b)(6), and the Supreme Court affirmed because the Fourteenth Amendment substantive due process could not support such a claim based on the lack of probable cause. In rejecting Fourteenth Amendment due process as a basis for such a claim, the Court in *Albright* said,

> We have in the past noted the Fourth Amendment's relevance to the deprivations of liberty that go hand in hand with criminal prosecutions. *See Gerstein v. Pugh,* 420 U.S. 103, 114, 95 S.Ct. 854, 862, 43 L.Ed.2d 54 (1975) (holding that the Fourth Amendment requires a judicial determination of probable cause as a prerequisite to any extended restraint on liberty following an arrest). We have said that the accused is not "entitled to judicial oversight or review of the decision to prosecute."

510 U.S. 274- 275, 114 S.Ct. 807, 813 – 814 (citation omitted). "[T]he majority of courts agree that based on *Albright*, [Fourteenth Amendment] substantive due process does not provide a valid basis to bring a § 1983 claim. [M]ost courts have followed *Albright's* direction that the Fourth Amendment's proscription against 'unreasonable seizures' protects against deprivation of liberty stemming from <u>charges filed without probable cause</u>." *Yanes v. Maricopa County*, 2012 WL 6201665, 4, 648 Ariz. Adv. Rep. at 33, ¶¶ 18 – 19 (App. 2012) (emphasis added, citations omitted); *see also Awabdy v. City of Adelanto*, 368 F.3d 1062, 1069 (9th Cir. 2004) ("The principle that *Albright* establishes is that no substantive due process right exists under the Fourteenth Amendment to be free from prosecution without probable cause."); *Galbraith v. County of Santa Clara* , 307 F.3d 1119, 1127 (9th Cir. 2002) (due process claims based on falsified report

City of Prescott Legal Department
221 S. Cortez Street
Prescott,, Arizona 86303

dismissed under 12(b)(6) because Fourth Amendment applied to pretrial deprivation of liberty and "not the more generalized notion of 'substantive due process'") (quoting *Albright*, 510 U.S. at 273 274); *accord Fontana v. Haskin*, 262 F.3d 871, 881-882 (9th Cir. 2001); *Harrington v. City of Council Bluffs*, 678 F.3d 676, 680 (8th Cir. 2012) ("If malicious prosecution is a constitutional violation at all, it probably arises under the Fourth Amendment."[2]). Thus, *Albright* precludes this Fourteenth Amendment claim based on the lack of probable cause and it should be dismissed.

**G. Plaintiff Fails to State a § 1983, Fourteenth Amendment *Brady* Claim (Count 6)**

The only explicit substantive federal constitutional basis for this alleged due process claim is Plaintiff's allegation that in the criminal prosecution against him Defendants withheld exculpatory evidence contrary to *Brady*. Doc. 20, ¶ 104. This claim, and Doc. 38, ¶¶ 85 – 92 detailing the manner in which evidence was allegedly withheld, only recite how Savona allegedly withheld evidence and they are devoid of any allegations against Murray or Keller.

As a prosecutor (Doc. 38, ¶¶ 8-10), Savona is immune from an alleged failure to disclose exculpatory evidence. "A prosecutor's decision not to preserve or turn over exculpatory material before trial, during trial, or after conviction is a violation of due process under *Brady* . . . . It is, nonetheless, an exercise of the prosecutorial function and entitles the prosecutor to absolute immunity from a civil suit for damages." *Broam v. Bogan* , 320 F.3d 1023, 1030 (9th Cir. 2003) (full citation omitted), citing 4th, 5th, 6th, 9th and 11th Circuit cases.

Plaintiff also fails to state a *Brady* claim because he has not pled facts showing the materiality of the allegedly exculpatory evidence and he does not allege that he was convicted at a trial at which the result would have been different had the withheld evidence been disclosed.

Murray's report on which Plaintiff bases this claim is not truly exculpatory.

---

[2] "The Supreme Court has used the terms 'prosecution without probable cause' and "malicious prosecution' referring to the same claim. *See Albright v. Oliver*, 510 U.S. 266, 271 & n. 4, 114 S. Ct. 807 . . . (1994)." *Harrington v. City of Council Bluffs*, 678 F.3d 676, 680 (8th Cir. 2012).

City of Prescott Legal Department
221 S. Cortez Street
Prescott,, Arizona 86303

> To state a claim under *Brady,* the plaintiff must allege that (1) the withheld evidence was favorable either because it was exculpatory or could be used to impeach, (2) the evidence was suppressed by the government, and (3) the nondisclosure prejudiced the plaintiff. As to the prejudice prong, the Supreme Court has stated that "strictly speaking, there is never a real '*Brady* violation' unless the nondisclosure was so serious that there is a reasonable probability that the suppressed evidence would have produced a different verdict.

*Smith v. Almada*, 640 F.3d 931, 939 (9th Cir. 2011) (citations omitted). Thus, a *Brady* claim fails if the Plaintiff cannot show that the withheld evidence was material and would have affected the result of the verdict at trial. *Id.*, at 939-940 (because plaintiff knew of the evidence and court excluded it, failure to disclose alleged exculpatory evidence did not affect evidence presented at trial); *see, e.g., Strickler v. Greene,* 527 U.S. 263, 289, 119 S.Ct. 1936, 144 L.Ed.2d 286 (1999) (*Brady* claim requires that there is a reasonable probability that the result of the trial would have been different if the suppressed evidence had been disclosed). Because Plaintiff has not alleged that a trial occurred at which the alleged *Brady* material would have resulted in a different verdict than a conviction, he has not and cannot allege a claim, and this claim is subject to dismissal.

Applying *Brady* only to trials, which did not occur here, and not other stages, "accord[s] with the purpose of *Brady*. At its core, *Brady* seeks to ensure a fair trial, a trial whose verdict is reliable. . . . Allowing *Brady* based 1983 claims without a conviction would open the door to a potentially unlimited number of such claims for decisions at every stage of the criminal process." *Almada*, 640 F.3d at 942, 944; *see also Morgan v. Gertz,* 166 F.3d 1307, 1310 (10th Cir. 1999) ("Regardless of any misconduct by government agents before or during trial, a defendant who is acquitted cannot be said to have been deprived of the right to a fair trial."); *Flores v. Satz*, 137 F.3d 1275, 1278 (11th Cir. 1998); *McCune v. City of Grand Rapids*, 842 F.2d 903, 907 (6th Cir. 1988) (all denying *Brady* claims when no conviction occurred). The same rationale applies to preclude a *Brady* claim if no trial results and a prosecution is dismissed prior to trial. A § 1983 *Brady* claim is also properly dismissed for a failure to state a claim if a criminal prosecution is "dropped" or determined in favor of a

City of Prescott Legal Department
221 S. Cortez Street
Prescott,, Arizona 86303

plaintiff before trial. *Id.*, (if prosecution is dismissed, no injury is caused by suppressing exculpatory evidence; § 1983 *Brady* claim cannot be asserted); *cf.*, *Mosley v. City of Chicago*, 614 F.3d 391, 397 (7th Cir. 2010) ("a trial that results in an acquittal can never lead to a valid claim for a *Brady* violation because the trial produced a fair result, even without the exculpatory evidence."), *citing Morgan*, *supra*, at 1310.

Additionally, the allegedly withheld evidence was neither exculpatory nor material and therefore does not support a *Brady* claim. Because the intent element of the offense was whether Plaintiff knowingly faxed documents, and "does not require knowledge of the unlawfulness of the act or omission," whether he knew that his acts were unlawful and he would be prosecuted is not material or exculpatory and would not have affected the result. Moreover, because Plaintiff raised the claim in the criminal case that his actions were permitted and that he did not knowingly violate the injunction, the fact that he did not know that he committed a violation was always known to him, enabling him to testify to this at a trial. Exhibit 4. Savona's later observation of this and Murray's report of it was not material and does not support a *Brady* claim.

Because no trial occurred at which the result would have been different than a conviction, and because the allegedly "withheld" evidence was immaterial and not exculpatory, Plaintiff fails to state a *Brady* claim, and this claim is subject to dismissal.

**H. Plaintiff Fails to State a § 1983 Claim for Malicious Prosecution (Count 7)**

This count alleges that Plaintiff's First Amendment free speech and religion rights[3] were actually violated by Defendants Moore and Thomas-Morgan, who "hate him," without alleging a single factual connection of how Defendants Savona, Murray and Keller personally participated in or their individual acts resulted in any First Amendment violations. This count violates *Iqbal* and

---

[3] The allegation that the Plaintiff's First Amendment rights were violated through the Fourteenth and Fifth Amendment due process is incomprehensible.

City of Prescott Legal Department
221 S. Cortez Street
Prescott., Arizona 86303

*Twombly* because it only states in a conclusory manner that Moore and Thomas-Morgan's acts "caused" the Prescott Defendants to violate other rights, which are already the subject of the other claims, without any factual specificity about Savona's, Murray's or Keller's individual actions that caused First Amendment violations, or the nature of such violations. "In a lawsuit against a government official . . . 'a plaintiff must plead that each Government official defendant, through the official's own individual actions has violated the Constitution.'" *Jackson v. Murray State University*, 834 F. Supp.2d 609, 614 (2011) (quoting *Iqbal*, 129 S.Ct. at 1948); *cf. Hydrick v. Hunter*, 669 F.3d 937, 942 (9th Cir. 2012) (to establish "individual liability" of a supervisor and survive a motion to dismiss, "Plaintiffs must still allege sufficient facts to plausibly establish the defendant's "knowledge of" and "acquiescence in" the unconstitutional conduct of subordinates).

Moreover, this count only alleges that the <u>other defendants caused</u> (unspecified) First Amendment violations and not that Savona or Murray caused any such violation. *Cf. Johnson v. Duffy*, 588 F.2d 740, 743-744 (9th Cir. 1978) ("Anyone who 'causes' any citizen to be subjected to a constitutional deprivation is also liable. The requisite causal connection can be established not only by some kind of direct personal participation in the deprivation, but also by setting in motion a series of acts by others which the actor knows or reasonably should know would cause others to inflict the constitutional injury."). A § 1983 claim against a defendant sued individually is subject to dismissal if a plaintiff fails "to allege that those defendants knew of or participated in activities connected to the alleged violations." *Ortez v. Washington County*, 88 F.3d 804, 809 (9th Cir. 1996). Because this claim has no such specific allegations as to any Prescott Defendants' acts or personal participation that caused a violation, it may be dismissed.

Additionally, Plaintiff does not allege any protected class animus <u>by the Prescott Defendants</u> that resulted in First Amendment violations, through the Fourteenth Amendment's equal protection provision. *Lee v. City of Los Angeles*, 250 F.3d 668, 687 (9th Cir. 2001)

(allegation that defendants only acted "knowingly or with deliberate indifference to the rights" failed to allege a discriminatory animus). Instead, he only alleges that other defendants "hate" me and those other defendants in turn "caused" the Prescott Defendants to violate other due process rights, but not any specific First Amendment rights. Plaintiff only alleges in a conclusory fashion "religious animus," without a single factual basis attributing any animus to the Prescott Defendants. The Defendants know of no legal theory of transference or attribution that imposes liability on one defendant for another defendant's alleged animus, without any factual link. Because the Plaintiff has not sufficiently alleged any acts by the Prescott Defendants motivated by any class based or protected class animus attributable to them, this claim is subject to dismissal.

This count also violates *Iqbal* and *Twombly* because it is not a "short and plain statement" and only alleges in a conclusory manner, without a single fact, that a free speech or freedom of religion right was infringed – Plaintiff only makes other due process/"fraudulent" charge/probable cause allegations against the Defendants, which are already the subject of other claims. As to those other claims, because no violation occurred, they could not also infringe a First Amendment right.

**I. Plaintiff Fails to State a Second Amendment Claim (Count 8).**

Because a state procedure existed for Plaintiff to challenge his temporary release condition, regarding the possession of weapons, he also fails to state a Second Amendment claim for deprivation of this right during his pretrial release. *See* Ex. 1, City court minute entry 6/23/2009, p.1. A § 1983 Second Amendment claim based on pretrial release restrictions on the possession of weapons fails to state a claim if a state law procedure allows a remedy to challenge such a condition. *See Houston v. City of New Orleans*, 675 F.3d 441, 444 (5th Cir. 2012) (defendant's firearm seized during criminal prosecution; *nolle prosequi* later entered). Because Plaintiff had a remedy under Ariz. R. Crim. P. 7.4 and 7.5 for review of the condition that he not possess weapons, this claim is subject to dismissal pursuant to 12(b)(6). *Houston*, *supra*. Plaintiff's new

City of Prescott Legal Department
221 S. Cortez Street
Prescott,, Arizona 86303

allegation that a Second Amendment violation occurred because Savona did not have probable cause to initiate a criminal prosecution, adds nothing to this rehash of his original claim. Nor does this added allegation detract from the principal in *Houston*, that because a procedural remedy existed, no Second Amendment violation occurred, regardless of whether probable cause existed. Plaintiff himself alleges that he challenged this release condition and the records of the criminal proceeding show that he also filed a motion to challenge this release condition, which was also unsuccessful. Exhibit 2 (uncertified documents from criminal proceeding).

**J. Plaintiff Fails to State A Claim Under 42 U.S.C. §§ 1985(3) and 1986 - Conspiracy (Counts 9 and 10)**

The Plaintiff also fails to allege specific facts sufficient for a plausible conspiracy claim under §§ 1986 and 1985(3). *Johnson v. City of New York*, 669 F. Supp.2d 444, 452 (S.D.N.Y. 2009) ("a section 1986 claim is contingent on the existence of a valid section 1985 claim").

> To state a claim pursuant to subdivision 3 of section 1985 . . . , a plaintiff must allege: (1) a conspiracy; (2) for the purpose of depriving any person or class of persons of equal protection of the laws, or of equal privileges and immunities under the laws; (3) an act in furtherance of the conspiracy; (4) and that a person is thereby either injured in his person or property or deprived of any right of a citizen of the United States. Moreover, a plaintiff must further allege that the conspiracy was motivated by "some racial or perhaps otherwise class-based, invidious discriminatory animus behind the conspirators' action."

*Id.* at 451 (citations omitted). The Plaintiff has not sufficiently alleged a conspiracy because he

> mak[es] no specific factual allegations respecting a meeting of the minds, specific communications between the [Prescott or any other] defendants, or even concerted activities or coordinated efforts between them. A bare assertion that a conspiracy existed, unsupported by any specific factual allegations, is itself insufficient to state a plausible claim to relief. *See Mass v. McClenahan*, 893 F. Supp. 225, 231 (S.D. N.Y. 1995) ("[A] plaintiff must do more than make vague, general or conclusory accusations in order to establish the existence of a conspiracy actionable under § 1985(3).")

*Johnson*, 669 F.Supp.2d at 451 - 452.

Because the Plaintiff has not sufficiently alleged a claim under § 1985, and he has not sufficiently alleged a conspiracy under § 1986, both claims are subject to dismissal. The bare

City of Prescott Legal Department
221 S. Cortez Street
Prescott., Arizona 86303

City of Prescott Legal Department
221 S. Cortez Street
Prescott., Arizona 86303

allegation that Moore and Thomas-Morgan were the "lynch pin" (sic) for Savona's and Keller's alleged violations of his other rights, addressed separately above, is nothing more than "vague, general or conclusory accusations" without any specific factual support regarding their individual acts that violated any of the alleged constitutional rights. Additionally, the allegation that "Moore suggested a Rule 5(c)" is entirely incomprehensible.

Count 9 also violates *Iqbal* and *Twombly* because it only alleges in a conclusory manner that First, Fourth, Fifth or Fourteenth Amendment rights were infringed, without alleging the factual manner in which specific rights were violated. To comply with *Iqbal* and *Twombly*, a plaintiff must plead with sufficient clarity "to inform the . . . Defendants of the nature of the liability theories they face in [an] action." *Mason v. County of Orange*, 251 F.R.D. 562, 563 (2008). This is particularly true with a "Complaint [that] generally realleges all the preceding allegations, regardless of whether those allegations conflict with the claim for relief[,]" as this Complaint does. *Id.* Additionally, without clearer, fact specific allegations of the First, Fourth, Fifth or Fourteenth Amendment rights violated in this count, the Defendants can only speculate about Plaintiff's theories of liability. *See Robbins v. Oklahoma*, 519 F.3d 1242, 1249 (10th Cir. 2008) (allegations must be sufficient to give notice of the theory under which a claim is made).

Factually specific allegations of the constitutional rights violated are necessary for a court, at the earliest opportunity, to analyze and apply *Saucier v. Katz*, 533 U.S. 194, 121 S.Ct. 2151 (2001), and whether a clearly established right was violated such that reasonable officials would have understood they were violating that right, and, thus, whether qualified immunity applies. *Dunn v. Castro*, 621 F.3d 1196, 1199 (9th Cir. 2010) (district court defined right too abstractly in determining clearly established right) (quoting *Hunter v. Bryant,* 502 U.S. 224, 227, 112 S.Ct. 534, 116 L.Ed.2d 589 (1991) ("the Supreme Court has 'repeatedly ... stressed the importance of resolving immunity questions at the earliest possible stage in litigation.'")). Thus, *Iqbal* and

*Twombly* require a plaintiff to make nonconclusory, specific, factual allegations, to permit an analysis at the motion to dismiss stage of whether an alleged right, defined with sufficient particularity, has been clearly established and was violated. *Id.*

Because of these deficiencies, this claim is also subject to dismissal

**K. Plaintiff Fails To Sufficiently Allege Intentional Infliction of Emotional Distress (Count 11).**

Plaintiff also fails to sufficiently allege this tort, which is defined as follows:

> [O]ne who by extreme and outrageous conduct intentionally or recklessly causes severe emotional distress to another is subject to liability for such emotional distress, and if bodily harm to the other results from it, for such bodily harm.
>
> The element of "extreme and outrageous conduct" requires that plaintiff prove defendant's conduct exceeded "all bounds usually tolerated by decent society ... and [caused] mental distress of a very serious kind."

*Godbehere v. Phoenix Newspapers, Inc.*, 162 Ariz. 335, 339, 783 P.2d 781, 785 (1989) (citations omitted). "The court in the first instance must determine whether the acts complained of can be considered extreme and outrageous so as to state a claim for relief." *Gilbert v. Board of Medical Examiners of State of Ariz.*,155 Ariz. 169, 177, 745 P.2d 617, 625 (App. 1987). Because Plaintiff does not allege any conduct "so outrageous as to go 'beyond all possible bounds of decency,'" this claim is subject to dismissal under Rule 12(b)(6). *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1046 (9th Cir. 2011) (citation omitted).

**L. Plaintiff Fails to State a Claim for False Light Invasion of Privacy (Count 12)**

Plaintiff alleges that the Defendants' "comments or suggestions . . . created a false implication." Doc. 38, ¶ 162. Defendants interpret this to mean that in the criminal prosecution the Defendants falsely asserted that Plaintiff violated the injunction by "knowingly" faxing documents; he also claims that he now has a criminal record. *Id.*, ¶ 122. The Defendants' statements were not false within the meaning of "knowingly," because Plaintiff admits that he faxed documents, rather than doing so inadvertently. He also has no "criminal record" in the sense

City of Prescott Legal Department
221 S. Cortez Street
Prescott,, Arizona 86303

of a false light; rather, there is only a criminal case naming the Plaintiff, in which he was presumed innocent, in which no conviction occurred. Doc 38 ¶¶ 2, 98, 136. A false light claim requires that a defendant knowingly or recklessly publicize a matter that places the plaintiff in a false light that a reasonable person would find highly offensive. *Godbehere v. Phoenix Newspapers, Inc.*, 162 Ariz. 335, 783 P.2d 781 (1989). Because Plaintiff alleges none of these matters, he has no "criminal record," no publicity occurred beyond the public record of the prosecution, he, therefore has not been publicly held in a false light as a criminal, and this claim is subject to dismissal.

**M. Plaintiff Fails to State a Claim for the City's Negligent Supervision (Count 13)**

Because Plaintiff relies on the existence of a policy for this claim, and municipal policies that result in a constitutional violation are an issue in municipal liability cases, this claim can be interpreted as a §1983 claim. *See Monell v. Department of Social Services of City of New York,* 436 U.S. 658, 692, 98 S.Ct. 2018, 2036 (1978) (municipalities liable under §1983 only for a policy or practice causing a constitutional violation). To the extent that Plaintiff alleges other § 1983 claims (Counts 1 through 10), because no constitutional violations occurred, no *Monell* liability exists. Because Plaintiff also fails to plead other incidents of erroneous probable cause determinations, he also fails to state a claim under *Iqbal*, *Twombly*, *Monell* and the "single incident" or "single occurrence" rule. *See Avalos v. Baca*, 596 F.3d 583, 588 (9th Cir. 2010) (summary judgment for defendants; "'. . . a single incident of unconstitutional activity is not sufficient to impose liability under *Monell*'") (quoting *Oklahoma City v. Tuttle,* 471 U.S. 808, 823-24, 105 S.Ct. 2427 (1985).

> In virtually every instance where a person has had his or her constitutional rights violated by a city employee, a § 1983 plaintiff will be able to point to something the city "could have done" to prevent the unfortunate incident. Thus, permitting cases against cities for their "failure to train" employees to go forward under § 1983 on a lesser standard of fault would result in *de facto respondeat superior* liability on municipalities-a result we rejected in *Monell.*

City of Prescott Legal Department
221 S. Cortez Street
Prescott., Arizona 86303

City of Prescott Legal Department
221 S. Cortez Street
Prescott,, Arizona 86303

*City of Canton, Ohio v. Harris*, 489 U.S. 378, 392, 109 S.Ct. 1197, 1206 (1989) (citations omitted). Based on this same rationale, the conclusory allegation that the City could have better supervised probable cause decisions with an "oversight protocol," a supervisory tool equivalent to training, fails to state a *Monell* claim, in the absence of factual allegations of deliberate indifference.

In the past, in *Monell* cases the Ninth Circuit has required nothing more than a "bare allegation that government officials' conduct conformed to some unidentified government policy or custom." A different standard has been applied since *Iqbal*. *AE ex rel. Hernandez v. County of Tulare*, 666 F.3d 631, 637 -638 (9th Cir. 2012). Since *Iqbal*,

> allegations in a complaint . . . may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Starr v. Baca,* 652 F.3d 1202, 1216 (9th Cir. 2011); *accord AE*, *supra*. Thus, bare allegations of negligent supervision and of not having a policy or "oversight protocol" do not state a claim. *See Dougherty v. City of Covina*, 654 F.3d 892, 901 (9th Cir. 2011) (bare allegation of "negligent" hiring and training without factual allegations of deliberate indifference failed to state a claim).

Whether as a §1983 claim or a state law claim, Plaintiff fails to plead a recognized duty, other than generalized negligence, or allege facts of deliberate indifference or choice showing a need for a policy and giving notice of a theory of §1983 liability. The Defendants know of no negligence duty or theory of § 1983 liability that requires the City to have a policy for review of a prosecutor's probable cause decision that may result in an alleged "single incident" of a constitutional violation. For these reasons, this count fails to state a claim.

**CONCLUSION**

Thus, all of Plaintiff's claims against all Defendants and their spouses should be dismissed.

RESPECTFULLY SUBMITTED this 30th day of January, 2013.

CITY OF PRESCOTT LEGAL DEPARTMENT

By s/Thomas A. Lloyd

THOMAS A. LLOYD
Assistant City Attorney
City of Prescott Legal Department
221 S. Cortez Street
Prescott, AZ 86303
*Attorney for Defendants City of Prescott, Glenn A. Savona, Dan Murray, and Christine Keller*

I hereby certify that on the 30th day of January, 2013, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing.

I hereby certify that on January 30, 2013, I mailed the foregoing to:

Honorable James A. Teilborg
U.S. District Court
Sandra Day O'Connor U.S. Courthouse, Suite 622
401 W. Washington Street, SPC 80
Phoenix, AZ 85003

P. "Mike" Palmer
18402 N. 19th Avenue #109
Phoenix, AZ 85023
Pro Se

s/Debby Johnston

City of Prescott Legal Department
221 S. Cortez Street
Prescott,, Arizona 86303