**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Peter Michael Palmer, | No. CV-10-08209-PCT-JAT |
| Plaintiff, | **ORDER** |
| v. | |
| Glenn A. Savona, individually and in his official capacity as Prescott City Prosecutor and Jane Doe Savona, husband and wife; Dan Murray, individually and in his official capacity as City of Prescott police department employee and Jane Doe Murray, husband and wife; Christine Keller, individually and in her official capacity as City of Prescott police department employee and Joseph Keller, wife and husband; Melody Thomas-Morgan (f.k.a. Melody Bodine), an individual; Mark M. Moore and Jane Doe Moore, individuals, husband and wife; City of Prescott, an Arizona municipal corporation, | |
| Defendants. | |

Pending before the Court are: (1) Plaintiff's Motion to Stay (Doc. 58) and (2) Plaintiff's Motion to Amend/Correct Clerk's Judgment (Doc. 59). The Court now rules on the Motions.

On August 21, 2013, the Court granted Defendants Savona, Murray, Keller, and the City of Prescott's Motion to Dismiss and directed that the Clerk of the Court enter Judgment. (Doc. 56). The Clerk of the Court entered Judgment on August 21, 2013.

(Doc. 57).  Plaintiff now moves to alter or amend the Judgment pursuant to Federal Rule of Civil Procedure 59(e).  Plaintiff moves to "vacate and reverse" the dismissals of Counts One, Two, Three, Five, Seven, Eight, and Twelve of his Amended Complaint as asserted against Defendants Savona and Murray.

"A Rule 59(e) motion should not be granted 'unless the district court is presented with newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law.'" *McQuillion v. Duncan*, 342 F.3d 1012, 1014 (9th Cir. 2003) (quoting *McDowell v. Calderon*, 197 F.3d 1253, 1255 (9th Cir. 1999) (en banc)).

Plaintiff first argues that the Court erred in citing *Gonzales v. City of Phoenix*, 52 P.3d 184, 187 (Ariz. 2002) in stating the elements of a malicious prosecution claim. Plaintiff argues that the Court should have relied on *Smith v. Lucia*, 872 P.2d 1303 (Ariz. Ct. App. 1992).  Plaintiff argues that, pursuant to *Smith*, he has somehow shown or adequately alleged that Defendant Savona believed he did not have probable cause to initiate a criminal action against Plaintiff and that this belief is demonstrated by a police report written by Defendant Murray.  The Court previously addressed this argument in its Order granting Defendants' Motion to Dismiss and nothing in Plaintiff's repetition of this argument demonstrates that the Court committed clear error.

Plaintiff also attaches notes to his Rule 59(e) motion and argues that these notes were written by Defendant Savona and somehow support the conclusory assertion in his complaint that Defendant Savona lacked probable cause to file a criminal complaint against Plaintiff.  Plaintiff requests that the Court take judicial notice of these notes.  The Court will assume for the purposes of this Order that the Court can take judicial notice of these notes.

To the extent Plaintiff argues that these notes somehow render the allegations in his complaint sufficient to state a claim for malicious prosecution against Defendant Savona, Plaintiff should have included them in his original complaint.  Plaintiff cannot now add allegations to his complaint.  Additionally, it is not clear to the Court how these

notes transform the allegations regarding Defendant Savona's lack of probable cause into a properly stated claim for malicious prosecution.  Moreover, nothing in these notes changes the Court's analysis that Plaintiff failed to state a claim for malicious prosecution in his complaint.

Plaintiff next argues that the Court misrepresented *Slade v. City of Phoenix* in stating that the existence or lack of probable cause is a question of law to be determined by the Court.  Plaintiff argues that the Court did not include the full quote from *Slade*, which actually states that whether a given state of facts constitutes probable cause is a question of law to be determined by the Court.  In this case, the Court analyzed whether, based on the allegations in Plaintiff's complaint, Plaintiff stated a claim for malicious prosecution.  The Court necessarily examined "a state of facts" as set forth in the allegations of Plaintiff's complaint and determined that, if the Court were to accept the non-conclusory allegations in Plaintiff's complaint as true, Plaintiff failed to allege facts that would support the conclusion that Defendant Savona did not have probable cause to initiate a criminal proceeding against Plaintiff.  Although Plaintiff disagrees with this conclusion, such disagreement does not demonstrate that the Court committed clear error in its analysis.  Plaintiff's argument that a jury must decide whether probable cause existed in this case ignores this Court's finding that Plaintiff failed to state a claim upon which relief could be granted for malicious prosecution in his complaint.

Plaintiff next argues that the Court misrepresented Arizona Revised Statutes section 13-105(b) in discussing the definition of "knowingly."[1]  Plaintiff's arguments with regard to the definition of knowingly reflect a disagreement with this Court's Order, but do not demonstrate that the Court committed clear error in its analysis.

Plaintiff further argues that the Court "tr[ied] the facts" of this case.  Contrary to

---

[1]  Plaintiff correctly points out that the Court committed a clerical error and cited to section 13-105(10)(a) for the definition of "knowingly," when in fact that definition is contained in section 13-105(10)(b).

- 3 -

Plaintiff's argument, the Court found that Plaintiff failed to state a claim upon which relief could be granted based on the facts as alleged in his complaint.

Accordingly, Plaintiff has failed to show that the Court committed clear error in finding that Plaintiff failed to state a claim for malicious prosecution or false light invasion of privacy in his complaint.

Plaintiff next argues that the Court committed error in dismissing his claim against Defendant Savona based on a violation of Plaintiff's Second Amendment rights.  Plaintiff argues that the Court overlooked the argument Plaintiff made in response to the motion to dismiss that:

> Defendant Savona did not have cause to object to Plaintiff's oral (and later written) motion to modify the release conditions to restore Plaintiff's Second Amendment right because Defendant Savona did not have probable cause to detain Plaintiff to charge him criminally in the first place. Thus Defendant Savona lacked jurisdiction to argue to deprive Plaintiff of his Second Amendment right when the Prescott court turned to him for input.

(Doc. 59 at 8).  Contrary to Plaintiff's argument, the Court considered his argument. Indeed, the Court noted that "Plaintiff further argues that Defendant Savona is liable for a violation of Plaintiff's Second Amendment rights because he opposed Plaintiff's motion to modify the release conditions."  However, the Court found that Plaintiff failed to state a claim against Defendant Savona based on a violation of Plaintiff's Second Amendment rights because it was not clear from the allegations in the Complaint how Defendant Savona's motion practice in arguing for certain release conditions equated to Judge Markham's ultimate decision to impose certain release conditions.  As a result, the Court found that Plaintiff failed to state a claim upon which relief could be granted against Defendant Savona for a violation of Plaintiff's Second Amendment rights.  Although Plaintiff disagrees with this conclusion, Plaintiff has failed to demonstrate that the Court committed clear error in its analysis.

Plaintiff also argues that the Court erred in stating that Defendant Savona was

entitled to "absolute immunity" on this claim.  However, the basis for the Court's holding was not that Defendant Savona was entitled to absolute immunity, but rather that Plaintiff failed to state a claim upon which relief could be granted against Defendant Savona based on a violation of Plaintiff's Second Amendment rights.  Accordingly, Plaintiff has failed to demonstrate that the Court committed clear error when it discussed prosecutorial immunity.

Plaintiff next argues that the Court's ruling that Plaintiff failed to state a § 1983 claim based on an alleged violation of his Fourth Amendment rights "does not pass the 'sanity check.'"  (Doc. 59 at 9).  The Court specifically held that, based on Plaintiff's allegations that a summons required Plaintiff to "stop and appear on certain days before the Prescott court under threat of conventional arrest," Plaintiff failed to state a claim for a violation of his Fourth Amendment rights.  Plaintiff argues that the Ninth Circuit Court of Appeals' case that the Court relied on in finding that Plaintiff's allegations did not result in a seizure in violation of the Fourth Amendment was wrongly decided and "needs to be reviewed."  (Doc. 59 at 10).  Plaintiff's disagreement with this Court's Order and the law as stated by the Ninth Circuit Court of Appeals is not a basis for Rule 59(e) relief.  Plaintiff has failed to demonstrate that the Court committed clear error in its analysis of his § 1983 claim based on violations of his Fourth Amendment rights.

Based on the foregoing, Plaintiff has failed to demonstrate that he is entitled to Rule 59(e) relief and his motion to alter or amend the Court's Judgment is denied.

Prior to filing his Motion to Alter or Amend Judgment, Plaintiff filed an "Expedited Motion for Temporary Reinstatement (or Stay of Dismissal) Pending Plaintiff's Motion for Reconsideration of Dismissal."  Plaintiff argues that a stay of the dismissal of this case is necessary pending the Court's decision on Plaintiff's Motion for Reconsideration, so that Plaintiff can timely file an appeal.  Because the Court has ruled on Plaintiff's Motion for Reconsideration, Plaintiff's Motion to Stay is denied as moot.

Based on the foregoing,

1

   **IT IS ORDERED** that Plaintiff's Motion to Stay (Doc. 58) is denied as moot.

2

   **IT IS FURTHER ORDERED** that Plaintiff's Motion to Amend/Correct Clerk's

3

Judgment (Doc. 59) is denied.

4

   Dated this 30th day of September, 2013.

5

6

7

8

            James A. Teilborg
           Senior United States District Judge

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28